BOARDMAN, Judge.
The appellant, John B. Jackson, was charged by information with possession of heroin in violation of the Florida Comprehensive Drug Abuse Prevention and Control Act. He pled not guilty, was tried by jury, and sentenced to serve four years imprisonment with credit for time spent in jail awaiting trial. This timely appeal followed.
Appellant contends, inter alia, that the trial court erred in refusing to admon *176 ish the jury that appellant had an absolute right to refuse to answer Detective Jehle, a witness for the state. The error complained of occurred in the following manner :
On direct examination, Detective Jehle testified as follows:
A He was advised of his rights by the Miranda warning card. I then read to him the waiver of attorney. He stated that he wanted to talk to his lawyer first.
Q So, he refused to speak to you concerning that incident ?
A At that time, yes.
MR. SCHERER: Your Honor, we would object. We would like an instruction to the Jury that there is absolutely nothing wrong with exercising your right, your Constitutional right.
THE COURT: Objection is noted.
The objection was well taken. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. See, also, Breniser v. State, Fla.App.4th, 1972, 267 So.2d 23, and the cases cited therein.
We submit that the failure of the trial court to advise or instruct the jury as requested by defense counsel constituted reversible error.
The other question raised by appellant, which we shall discuss, pertains to the trial judge’s order revoking appellant’s probation. A previous judgment and sentence had been rendered against the appellant upon his conviction for aggravated assault. He was adjudged guilty and placed on probation for two years. At the revocation hearing, the appellant admitted that he had been found guilty of the instant offense. Whereupon, the trial judge revoked appellant’s probation and sentenced him to four years imprisonment, said sentence to run concurrently with the sentence imposed on the instant offense.
From the record before us, we conclude that the appellant’s probation was revoked solely on the basis of his conviction for the instant criminal offense.
In view of our decision reversing the case and remanding for new trial, for the reason above stated, we direct that the trial court enter an appropriate order vacating and setting aside appellant’s revocation of probation. In view of our decision herein, it is not necessary to discuss appellant’s remaining points.
Reversed and remanded for new trial.
HOBSON, A. C. J., and SCHEB, J., concur.