# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 06-527

STATE OF LOUISIANA

VERSUS

MELVIN SIGUE

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 04-CR-389
HONORABLE LORI A. LANDRY, DISTRICT COURT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**

W. Jarred Franklin
Louisiana Appellate Project
3001 Old Minden Road
Bossier City, Louisiana 71112
(318) 746-7467
COUNSEL FOR DEFENDANT/APPELLANT:
    Melvin Sigue

J. Phil Haney
District Attorney – Sixteenth Judicial District
ADA Robert C. Vines
ADA Jeffrey J. Trosclair
300 Iberia Street, Suite 200
New Iberia, Louisiana 70560
(337) 369-4420
COUNSEL FOR PLAINTIFF/APPELLEE:
    State of Louisiana

**GENOVESE, Judge.**

On March 3, 2004, Melvin Sigue was charged by bill of information with one count of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967, and with one count of possession of dihydrocodeinone, a schedule II narcotic, a violation of La.R.S. 40:968.

On March 10, 2004, the Defendant entered a plea of not guilty to all charges, and the matter was fixed for trial. After jury selection, the Defendant withdrew his plea of not guilty and entered a best interest no contest plea to the charge of possession of cocaine, with intent to distribute, in accordance with a plea agreement. Pursuant to the Defendant's plea, the State agreed to dismiss the remaining charge.

On November 3, 2005, the trial court held a sentencing hearing at which time the Defendant orally moved to withdraw his plea of no contest, but the trial court denied the motion. The trial court then sentenced the Defendant to imprisonment at hard labor for a term of ten years, with credit given for time served. On November 22, 2005, the Defendant filed a motion to reconsider sentence. The trial court denied the motion without providing written reasons. The Defendant is now before this court on appeal, asserting (1) that the trial court erred by denying his motion to withdraw his no contest plea; and (2) that the trial court imposed an excessive sentence. We disagree and affirm the Defendant's sentence.

## FACTS

Because the Defendant entered a best interest no contest plea to the charge of possession of cocaine, with intent to distribute, the facts are taken from the transcript of the plea proceedings, as follows:

> BY MR. VINES (Assistant District Attorney): The evidence in this case, Your Honor, would indicate that on the date alleged in the Bill

1

of Information, in Iberia Parish, agents with the Narcotics Division of Iberia Parish Sheriff's Office received information from an informant that she could purchase cocaine or get cocaine from [the Defendant]; they set up at a local hotel, the Southland Inn. They set up the room with a video camera. They monitored a telephone conversation between the confidential informant and [the Defendant]. [The Defendant] traveled in his vehicle to the Southland Inn, entered the hotel room; the officers entered the hotel room from an adjacent room next door after [the Defendant] was captured on tape inside the hotel room with the confidential informant. The officers detained [the Defendant], found him to be in possession of cocaine. They arrested him; they ran a dog on the vehicle that he traveled to the hotel in; the dog alerted for the presence of illegal narcotics; they searched the vehicle and found a packet of cocaine in the vehicle. The evidence would indicate that [the Defendant] possessed that cocaine with the intent to distribute.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, the Defendant asserts that the trial court erred by failing to allow the Defendant to withdraw his plea of no contest. In his brief to this court, the Defendant asserts that, consistent with allegations he made in his post-plea motions, the Defendant understood the plea agreement to include a maximum five year sentence, and without that five year sentencing cap, he would not have entered the no contest plea.

During the sentencing hearing, the Defendant orally moved to withdraw his plea. During that hearing, the Defendant asserted that his plea was "coerced by psychological persuasion." The trial judge then asked the Defendant, "Who coerced you?" The Defendant eventually replied that the coercion was committed by the trial judge and his own attorney at the pre-trial conference in the judge's chambers. The

2

record indicates that the Defendant did not specify any statements made by the trial judge, by the State, or by his own attorney that were coercive. The trial court denied the Defendant's motion:

> BY THE COURT: If I am hearing you right, you want a motion to withdraw your plea, which I am going to deny. Based on my memory of this case, nothing in your case was done any differently than the other hundreds of cases we handle.
>
> We have pre-trial conferences. You had your day before the jury.
>
> I strongly suggested you go to the jury.

The trial court then suggested to the Defendant that, "[i]f you are do [sic] a motion to withdraw your plea, written and formal, you are going to have to have a little more than you started with today." On January 10, 2005, the Defendant filed a written motion to withdraw his no contest plea, in which he asserted that the *Boykin* colloquy clearly indicated his "disinclination" to accept a no contest plea, or any other type of plea. However, the record indicates that this allegation is directly refuted by the Defendant's own statements during the *Boykin* hearing. When the trial court asked him if he understood that his no contest plea would have the same effect as a guilty plea, he answered in the affirmative. The trial court then asked him whether he was sure that is what he wanted to do. The Defendant again answered in the affirmative. The trial court denied the written motion on January 17, 2005, with no written reasons.

The Defendant also raises a claim about the plea in his "motion for reconsideration" filed on November 22, 2005. In that motion, the Defendant asserted that "dilatory tactics [were] employed to impede his desire to proceed to trial by the State and Defense Attorney." However, the record indicates that the Defendant does not specify what actions, taken either by the State or by his own attorney, constituted

3

tactics designed to impede the proceedings. The record also indicates that though the Defendant described the motion as a "motion to reconsider his motion to withdraw," the remaining claims in that motion involve the sentence. Therefore, we will discuss those remaining claims below.

On December 2, 2005, the Defendant filed an application for post-conviction relief in the trial court, wherein he asserted again that the trial court and his own attorney employed coercion in order to persuade him to enter the no-contest plea. As in the previous motions, the Defendant did not specify any of the alleged coercive actions. On December 7, 2005, the Defendant filed a "motion of supplemental brief" wherein he also claimed that he pled no contest in return for an agreement whereby he would be sentenced to no more than five years imprisonment.

This court has determined when a defendant should be allowed to withdraw his plea based on a mistaken belief regarding his sentence:

> A guilty plea is invalid, or constitutionally infirm, when a defendant is induced to enter a plea of guilty by a plea bargain agreement, or what he reasonably or justifiably believes was a plea bargain agreement, and the terms of the bargain are not satisfied. *State v. Jones*, 546 So.2d 1343, 1346 (La.App. 3d Cir.1989); *State v. Taylor*, 535 So.2d 1229, 1230 (La.App. 3d Cir.1988), quoting *State v. Dixon*, 449 So.2d 463, 464 (La.1984). It is well settled that if a defendant's misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there is no ground for invalidating the guilty plea. *State v. Malmay*, 548 So.2d 71, 73 (La.App. 3d Cir.1989); *State v. Jones, supra*.

> It is also well settled that a misunderstanding between a defendant and counsel for defendant does not have the same implication as a breached plea bargain agreement, and this misunderstanding does not render the guilty plea invalid. *State v. Lockwood*, 399 So.2d 190 (La.1981); *State v. Johnson*, 533 So.2d 1288, 1292 (La.App. 3d Cir.1988), writ denied, 563 So.2d 873 (La.1990). In the absence of fraud, intimidation, or incompetence of counsel, a guilty plea is not made less voluntary or less informed by the considered advice of counsel. See, *State v. Johnson*, 461 So.2d 1259, 1261 (La.App. 1st Cir.1984).

*State v. Readoux*, 614 So.2d 175, 176-77 (La.App. 3 Cir. 1993).

Additionally, "[a] misunderstanding does not have the same implications that a breached plea bargain has," and a defendant may not withdraw his guilty plea simply because the sentence imposed was heavier than expected. *State v. Lockwood*, 399 So.2d 190, 193 (La.1981); *see also State v. Robinson*, 311 So.2d 893 (La.1975).

In his brief to this court, the Defendant asserts that his plea agreement was induced by an agreement that he would not be sentenced to more than five years. In contrast to that assertion, the plea agreement form clearly shows that the Defendant agreed to plead no contest to possession of cocaine with intent to distribute, and, by a handwritten notation, that the sentencing range of the offense was from two to thirty years, with two years to be served without benefits. Additionally, during the plea hearing, the trial court discussed the sentence range with the Defendant:

> BY THE COURT: The penalty is at [La.R.S. 40:967(B)(4)(b)]: Upon conviction shall be imprisoned to a term of hard labor for not less than two nor more than thirty years, with the first two years being without the benefit of probation, parole, or suspension of sentence; and may be fined to pay not more than fifty thousand dollars.

> Do you understand the penalty?

> BY THE DEFENDANT: Yes, Ma'am.

Based on the plea agreement form and the plea hearing discussion, we find that the Defendant failed to show that either the State or the trial court induced any misunderstanding of his possible sentencing exposure. Therefore, the Defendant's assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, the Defendant asserts that the trial court imposed a sentence that is excessive for the particular offense and the particular offender. The Defendant asserts that the sentence is excessive because nearly twenty

5

years had passed between his prior conviction and the charged offense, because the charged offense was non-violent, and because the Defendant was employed and supporting his wife and her three children. Further, the Defendant asserts that the trial court failed to adequately consider the mitigating factors present in his case.

In his brief to this court, the Defendant refers to the motion for reconsideration, filed on November 22, 2005, and discussed in part above, as his motion for reconsideration of sentence. In that motion, the Defendant asserts that his ten-year sentence is excessive because it is his first drug conviction, because his prior conviction was nine years past and he had completed his probation, and because the trial court failed to observe, prior to imposing sentence, a twenty-four-hour delay after denying the motion to withdraw his guilty plea. However, in his brief to this court, the Defendant did not assert that the trial court erred by failing to observe any time delay. Accordingly, that claim is not properly before this court.

After being charged by bill of information with one count of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967, and with one count of possession of dihydrocodeinone, a schedule II narcotic, a violation of La.R.S. 40:968, the Defendant entered a best interest no contest plea to the charge of possession of cocaine, with intent to distribute. At sentencing, the trial court stated:

> BY THE COURT: [Your criminal record] shows that this is not your first time.
>
> That you have been involved with the law since a juvenile [sic].
>
> But as an adult, sir, you have been involved with the law - - you pled guilty to Negligent Homicide, amended down from Attempted Second Degree Murder. I don't know how that happened. You got three years hard labor. You pled guilty to Armed Robbery and you got fifteen years hard labor.
>
> You were paroled in '96. Your parole closed satisfactorily, I

6

suggest, in December, 2002.

You picked up another charge in 2000, Possession with Intent to Distribute Cocaine in Iberia Parish that was nolle prossed.

Criminal Neglect of Family, that's between you and your children.

And this offense, January 8, 2004, Possession with Intent to Distribute Cocaine.

. . . .

I knew that your criminal history was going to involve some crimes of violence.

I focused in, though, on the person you have been since you were paroled. And since your parole was terminated satisfactorily, I had to consider the whole person.

I had to consider the fact that you are standing here today, and they have you as the second felony offender because you plead guilty [sic]; conviction and arrest was different on the Armed Robbery and the Negligent Homicide.

I sentence you according to the charge and the record that you have, nowhere near what a maximum sentence would have been.

A person convicted of possession of cocaine with intent to distribute may be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years to be served without benefit of probation, parole or suspension of sentence, and may be ordered to pay a fine of not more than fifty thousand dollars. *See* La.R.S. 40:967(B)(4)(b).

This court has set forth the following standard to be used in reviewing excessive sentence claims:

La.Const. art.[1], § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205

7

(La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

[An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Originally, the Defendant was charged with one count of possession of dihydrocodeinone, a schedule II narcotic, a violation of La.R.S. 40:968, in addition to the charge of possession of cocaine with intent to distribute. Under La.R.S. 40:968, the Defendant could have received a sentence of up to five years imprisonment, along with a fine of up to five thousand dollars, in addition to the ten-year sentence imposed by the trial court. By pleading guilty pursuant to a plea agreement that the State would not prosecute him for the additional charge, the Defendant received a significant benefit by reducing his exposure to a sentence for

8

that charge.

In his brief to this court, the Defendant additionally asserts that the trial court failed to adequately consider the applicable mitigating factors. In discussing a review of sentences, this court opined in *State v. Williams*, 02-707, pp. 8-9 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1100-01:

> The trial court must state for the record the considerations taken into account and the factual basis for the sentence. La.Code Crim.P. art. 894.1(C). Although the trial court need not refer to every factor listed in Article 894.1(A), the record should affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence. *State v. Iron*, 00-1238 (La.App. 3 Cir. 2/15/01); 780 So.2d 1123, *writ denied*, 01-1232 (La.3/15/02); 811 So.2d 898. Yet, when the trial court fails to adequately address the factors of La.Code Crim.P. art. 894.1, "the trial court's reasoning alone will not necessitate the need for re-sentencing as long as an adequate factual basis is found within the record." *State v. Butler*, 98-1258, p. 7 (La.App. 3 Cir. 2/3/99), 734 So.2d 680, 684.

Even if the trial court's consideration of mitigating factors is determined by this court to be inadequate, resentencing would not be necessary since the record contains an adequate factual basis to support the sentence.

This court further stated in *Williams*, 839 So.2d 1095, 1101:

> The trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1. Specifically, when the offense to which the defendant has pled guilty inadequately describes the entire course of the defendant's conduct, the court may consider the benefit obtained by the defendant through the plea bargain. *State v. Lanclos*, 419 So.2d 475 (La.1982). The trial court should particularly make such considerations where the plea bargain results in a significant reduction in the defendant's potential exposure to imprisonment. *State v. Robinson*, 33,921 (La.App. 2 Cir. 11/1/00); 770 So.2d 868; *State v. Waguespack*, 589 So.2d 1079 (La.App. 1 Cir.1991), *writ denied*, 596 So.2d 209 (La.1992). In addition, the trial court may consider other criminal activity which did not result in a conviction. *State v. Texada*, 98-1647 (La.App. 3 Cir. 5/5/99); 734 So.2d 854, *writ denied*, 00-2751 (La.6/29/01); 794 So.2d 824.

At the time of entry of the Defendant's plea, and when he was advised of the maximum penalty, the Defendant decided that the benefits to him in accepting the

9

plea outweighed any disadvantages.

While not listing all factors to be considered when applying the sentencing guidelines set forth in La.Code Crim.P. art. 894.1, the trial judge stated her consideration of the provisions in her reasons for imposition of the sentence. In light of the Defendant's criminal history, and the substantial benefit of the elimination of his exposure to a sentence from the dismissed charge, we find that the ten-year sentence is not excessive.

## CONCLUSION

We find that the trial court did not err in denying the Defendant's motion to withdraw his no contest plea, and that it did not abuse its discretion in sentencing the Defendant to imprisonment for ten years for the offense of possession of cocaine with intent to distribute.

**AFFIRMED.**