NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**13-139**
(Consolidated with Nos. 13-140 and 13-141)


STATE OF LOUISIANA

VERSUS

ANDREW JOSEPH FUSILIER

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 37462-10
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**AFFIRMED.**

**John Foster DeRosier**
**District Attorney – 14th Judicial District Court**
**Carla Sue Sigler**
**Assistant District Attorney – 14th Judicial District Court**
**Karen C. McLellan**
**Assistant District Attorney – 14th Judicial District Court**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**Telephone: (337) 437-3400**
**COUNSEL FOR:**
     **Plaintiff/Appellee - State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**Telephone: (337) 491-0570**
**COUNSEL FOR:**
  **Defendant/Appellant - Andrew Joseph Fusilier**

**THIBODEAUX, Chief Judge.**

Defendant, Andrew Joseph Fusilier, pleaded guilty through an *Alford* plea to indecent behavior with a juvenile. At this same proceeding, Defendant entered an *Alford* plea to simple rape under case number 13-141, and a guilty plea to computer-aided solicitation of a minor under case number 13-140.[1] The trial court sentenced Defendant to a total of fifty years imprisonment for the three offenses, to be served without the benefit of probation, parole, or suspension of sentence, and with the sentences to run consecutively. After sentencing, Defendant filed a Motion to Withdraw Guilty Pleas and Set Aside Convictions and Sentences, or Alternatively, to Reconsider Sentence, with Incorporated Memorandum. The trial court denied the motion without a hearing or reasons. Defendant appeals his convictions and sentences. We affirm.

## I.

## ISSUES

We must decide whether:

(1)    Defendant received ineffective assistance of counsel; and

(2)    the trial court erred by not allowing Defendant to withdraw his guilty plea.

## II.

## FACTS AND PROCEDURAL HISTORY

Defendant was charged with two counts of aggravated incest, aggravated rape and sexual battery, and computer-aided solicitation of a minor. Pursuant to a plea agreement, the State amended the counts to indecent behavior

---

[1]Although Defendant appealed these cases separately, we are issuing one full opinion because the issues are identical, and we have consolidated these cases for appeal purposes.

with a juvenile, simple rape, and computer-aided solicitation of a minor. Defendant entered an *Alford* plea to indecent behavior with a juvenile and simple rape, and a guilty plea to computer-aided solicitation.[2]

Defendant was sentenced to twenty years at hard labor for indecent behavior with a juvenile, twenty years at hard labor for simple rape, and ten years at hard labor for computer-aided solicitation of a minor, to be served without the benefit of probation, parole, or suspension of sentence, and with the sentences to run consecutively. After sentencing, Defendant filed a Motion to Withdraw Guilty Pleas and Set Aside Convictions and Sentences, or Alternatively to Reconsider Sentence, with Incorporated Memorandum. Defendant asserted errors of ineffective assistance of counsel and excessive sentence. The trial court denied the motion without a hearing and without setting forth any reasons. Defendant appeals, alleging that the trial court erred by not allowing him to withdraw his guilty plea, and that he received ineffective assistance of counsel.

III.

**LAW AND DISCUSSION**

***Standard of Review***

The trial court has wide discretion to allow a defendant to withdraw his guilty plea, and this discretion will only be disturbed if it was arbitrary. *State v. Hidalgo*, 96-403 (La.App. 3 Cir. 11/6/96), 684 So.2d 26. We review this decision for abuse of discretion. *State v. Baudoin*, 334 So.2d 186 (La.1976). Defendant's ineffective assistance of counsel claim will be analyzed under the *Strickland v. Washington* test outlined below.

---

[2]An *Alford* plea derives from *North Carolina v. Alford*, 400 U.S. 25 (1970), wherein the defendant was allowed to enter a guilty plea while maintaining his innocence.

### *Ineffective Assistance of Counsel*

Defendant asserts that his attorney was ineffective for failing to file a motion to withdraw his guilty plea prior to sentencing. To prove ineffective assistance of counsel, Defendant must show his attorney was deficient and that this deficiency resulted in prejudice to Defendant. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Defendant must prove that counsel "made errors so serious that [he] was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." *State v. Anderson*, 13-42, p. 9 (La.App. 3 Cir. 7/3/13), 116 So.3d 1045, 1052.

Here, defense counsel informed Defendant that his sentence would not be more than twenty-five years because that was the longest sentence under any of the proposed amended charges, and sentencing would not be consecutive for a first-time felony offender. Defendant contends that he would not have entered a guilty plea and two *Alford* pleas absent this deficient advice. He also contends that defense counsel should have filed a motion to withdraw his guilty plea before sentencing.

We find that even if defense counsel was deficient in failing to file a motion to withdraw Defendant's guilty plea before sentencing, this deficiency did not result in prejudice to Defendant. The trial court specifically informed Defendant of the parameters of his sentences and that the court could impose concurrent or consecutive sentences. Defendant indicated during sentencing that he understood the trial court. Defendant was aware of the possibility that he might receive consecutive sentences; therefore, his ineffective assistance of counsel claim is without merit.

3

### *Guilty Plea Withdrawal*

Relatedly, Defendant also contends that the trial court erred by not allowing him to withdraw his guilty plea after sentencing because he was misled as to the length of his sentence. Specifically, Defendant contends that he was told his sentences would not be consecutive, and that he believed he would get only ten years altogether.

A defendant "may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated." *State v. Deakle*, 372 So.2d 1221, 1222 (La.1979). Rather, a defendant's misunderstanding may invalidate a guilty plea only if it is "induced by or attributed to representations made by the district attorney or the trial court." *State v. Sigue*, 06-527, p. 4 (La.App. 3 Cir. 9/27/06), 940 So.2d 812, 815, *writ denied*, 06-2963 (La. 9/28/07), 964 So.2d 354 (quoting *State v. Redoux*, 314 So.2d 175 (La.App. 3 Cir. 1993)). Further, in the absence of fraud, intimidation, or incompetence of counsel, a misunderstanding between a defendant and defendant's counsel does not invalidate a guilty plea. *Id.*

Defendant alleges his attorney misadvised him as to what sentence he would receive. As evidence of this, defense counsel pointed out to the court that there was no "meeting of the minds" between Defendant and counsel. Counsel stated he considered filing a motion to set aside the plea, but decided not to pursue this course of action. Counsel was allowed to proffer his personal notes in the trial court in which he indicated his belief that Defendant would get concurrent sentences.

Defendant argues the trial court erred in accepting his guilty plea, that the court should have allowed him to withdraw the plea, and he requests that this court allow him to withdraw his plea based upon the record. Essentially,

Defendant claims that we should allow him to withdraw his guilty plea "in the interest of justice." We disagree.

Defendant's argument is inextricably linked to his claim that his counsel was ineffective. He offers no other support for withdrawal of his plea, and an examination of the record reveals none. Indeed, an examination of the guilty plea reveals a sustained effort on the part of the trial judge to ensure that Defendant knew and understood his rights. Defendant's responses satisfied the judge that his plea was voluntary and was offered in awareness of its consequences. Moreover, since we have already determined that Defendant's claim that his counsel was ineffective is without merit, we must reject this assignment of error as well.

IV.

**CONCLUSION**

For the reasons stated above, Andrew Joseph Fusilier's conviction and sentence for indecent behavior with a juvenile are affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.