754 So.2d 1132 (2000)
STATE of Louisiana
v.
Trevor D. HOLMES.
No. 99KA0631.
Court of Appeal of Louisiana, First Circuit.
February 18, 2000.
*1133 Richard J. Ward, District Attorney, Alvin F. Landry, Asst. District Attorney, Port Allen, Counsel for State of Louisiana.
Bertha Hillman, Thibodaux, Counsel for Trevor D. Holmes.
Before: CARTER, LeBLANC and PETTIGREW, JJ.
LeBLANC, J.
The defendant, Trevor D. Holmes, was charged by grand jury indictment with second degree murder of Vernon Gauthier in violation of La. R.S. 14:30.1 and attempted second degree murder of Sheila Holmes in violation of La. R.S. 14:27 and 14:30.1. He entered a plea of not guilty, and after trial by jury was found guilty of manslaughter and attempted manslaughter. Following a pre-sentence investigation, the trial court sentenced the defendant to serve forty years with the Department of Corrections for the conviction of manslaughter and twenty years with the Department of Corrections for the conviction of attempted manslaughter, which sentences were to run concurrently.
The defendant has appealed, alleging the trial court improperly denied his motion to reconsider sentence.

FACTS
The defendant and his estranged wife, Sheila Holmes, separated in October, 1995. *1134 One month later, Sheila Holmes filed a petition for divorce. Shortly thereafter, she left the family home with her two children to live in an apartment in Port Allen. Prior to filing for divorce, she had become romantically involved with Vernon Gauthier. The defendant remained in contact with Ms. Holmes' daughters throughout this period of time, taking them for visits on the weekends. On December 4, 1995, the defendant had his stepdaughters visit him for such a weekend. Because Ms. Holmes did not want the defendant to know where she lived, he returned the children to Ms. Holmes' sister's house. When Ms. Holmes and Gauthier picked up the children, the defendant followed them to Ms. Holmes' apartment building. He testified at trial that he tried to see in the windows of the apartment, which was located on the second floor. When he heard Ms. Holmes' voice, he climbed a ladder, which he obtained from a nearby truck, looked inside the bedroom window and saw his wife in bed with Gauthier. The defendant claims that he has no memory of the events from this time forward, but he must have removed his gun from his truck and returned up the ladder.
Ms. Holmes testified that she was in the living room when she heard a loud noise. When she walked down the hall of the apartment, she turned her head to the left, and felt a blow to her jaw. The defendant was in her apartment, and dragged her into the living room. She asked him if he had shot her, and he replied that he had hit her with something. He assisted in getting her some ice water, allowed her to call 911, and eventually her mother. While she continued to bleed, he asked her for sex. He told her that he had killed Gauthier, he was going to kill her, and that by morning he would kill himself. Gauthier died of a gunshot wound to the head, and Ms. Holmes had sustained a gunshot wound to her jaw.
The defendant testified on his own behalf, claiming that he wanted to speak with his wife, that he had hopes of reconciling with her even though she was involved with another man, and that when he saw them in bed together, it had upset him greatly. He claimed amnesia from that moment until he was jailed.

ASSIGNMENT OF ERROR NO. 1:
Through this assignment of error, the defendant claims that the trial court erred in denying his motion to reconsider his sentence, which was constitutionally excessive. He received a forty-year sentence for manslaughter and a twenty-year sentence for attempted manslaughter. Under La. R.S. 14:31, the maximum penalty for manslaughter is forty years imprisonment at hard labor. Under La. R.S. 14:27, the maximum penalty for attempt of a crime in this category is one-half the penalty for the crime, which in this instance would be twenty years imprisonment at hard labor. Thus, the defendant was sentenced within statutory limits to the maximum terms for each offense. Had the terms been imposed consecutively, he would have received the maximum sentence of sixty years.
A trial court has wide, although not unbridled, discretion in imposing a sentence within statutory limits. State v. Trahan, 93-1116, p. 25 (La.App. 1 Cir. 5/20/94), 637 So.2d 694, 708. Article I, Section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. See State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Andrews, 94-0842, p. 8 (La.App. 1 Cir. 5/5/95), 655 So.2d 448, 454. The sentence imposed by the trial court will not be set aside absent a showing of manifest abuse of the trial court's wide discretion. Andrews, 94-0842 at 9, 655 So.2d at 454.
The trial court should give weight to the sentencing guidelines and must state for the record the considerations *1135 taken into account and the factual basis for the sentence imposed. La.Code Crim. P. art. 894.1 B and C. The sentencing court need not recite the entire checklist of items which must be considered before imposing sentence, but the record must reflect that it adequately considered the guidelines. State v. Barnett, 96-2050, p. 12 (La.App. 1 Cir. 9/23/97), 700 So.2d 1005, 1013; State v. Galliano, 96-1736, p. 31 (La .App. 1 Cir. 6/20/97), 696 So.2d 1043, 1059, writ denied, 97-1963 (La.1/9/98), 705 So.2d 1098. Even without full compliance with article 894.1, remand is unnecessary when the record clearly reflects an adequate basis for the sentence. State v. Ledet, 96-0142, p. 17 (La.App. 1 Cir. 11/8/96), 694 So.2d 336, 346, writ denied, 96-3029 (La.9/19/97), 701 So.2d 163.
Prior to imposing sentence herein, the trial court ordered a pre-sentence investigation report for its review. At sentencing, the court referred to the defendant's criminal history, noting that it was not void of other offenses, which included several misdemeanors. The court also considered the fact that the defendant was a high school graduate, who had been gainfully employed for the past seven years. Regarding the instant conviction, the record demonstrates that the defendant secretly followed his estranged wife and her boyfriend home, obtained a ladder from a nearby truck, carried a rifle up the ladder, gained entry into the home through a window, and shot both of them from a distance. As a result of such deliberate actions, Vernon Gauthier died and Sheila Holmes was shot in the jaw. It is certainly within the realm of possibility that she could have been shot to death as well, given the range from which she was shot in the head. As a result of the defendant's actions, two young children are without a stepfather and Sheila Holmes testified she has suffered physically and emotionally.
Maximum sentences are appropriately imposed only for the most serious violation of the described offense and for the worst kind of offender. State v. McKnight, 98-1790, p. 24 (La.App. 1 Cir. 6/25/99), 739 So.2d 343, 359. Considering the deliberate steps and preparation required for the defendant to have committed the crimes, their serious and tragic nature, and the devastating losses to the victims and their families, we find the defendant and his crimes to be the worst kind in this class of offender and offense. We do not find that the sentences imposed herein were excessive.
This assignment of error is without merit.
CONVICTIONS AND SENTENCES AFFIRMED.