# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 07-726

**STATE OF LOUISIANA**

**VERSUS**

**JESSIE J. HICKS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 71381
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**William E. Tilley**
**District Attorney - Thirtieth Judicial District Court**
**P.O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**William Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**Counsel for Defendant/Appellant:**
**Jessie J. Hicks**

**EZELL, JUDGE.**

The Defendant, Jessie J. Hicks, was charged by bill of information with the felony offense of exploitation of the infirmed in violation of La.R.S. 14:93.4. On January 31, 2007, the Defendant pled guilty to the lesser included offense of attempted exploitation of the infirmed in violation of La.R.S. 14:27 and La.R.S. 14:93.4. As a part of the plea agreement, the State agreed to the lesser charge, to recommend that the sentence run concurrently with that of a prior offense, and to not habitualize the Defendant.

On April 24, 2007, the Defendant was sentenced to five years hard labor and ordered to pay a fine of $1,500 plus court costs. The Defendant filed a motion to reconsider sentence, and the district court denied this motion on May 17, 2007, without a hearing or written reasons. On appeal, the Defendant seeks review of the district court's denial of his motion to reconsider sentence, alleging that the district court failed to give adequate consideration to mitigating circumstances.

## FACTS

On March 26, 2006, the Defendant cashed two checks on the account of his grandmother, who was in a nursing home at the time. On June 7, 2006, he was arrested and charged with exploitation of the infirmed. He later pled guilty to attempted exploitation of the infirmed for the negotiating of a sixty-five-dollar check. In his statement, the Defendant admitted to cashing another check for fifty-dollars.

## ASSIGNMENT OF ERROR

The Defendant contends that the district court imposed a sentence that is excessive for the particular offense and the particular offender. To support his contention, the Defendant asserts that the district court failed to adequately consider mitigating factors present in this case, as required by La.Code Crim.P. art. 894.1.

1

The Defendant alleges several mitigating factors. First, the Defendant states that he manifested no cruelty to the victim, nor did he create a risk of death or great bodily harm to anyone. Second, the Defendant asserts that although he received economic benefit, it was a minimal benefit. Third, he points out that his prior record involved non-violent crimes and his conduct in the present case caused no serious harm. Lastly, the Defendant argues that he acted under the impression that his father, who wrote and signed the checks, had legal authority to do so, i.e., power of attorney.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (alteration in original). *See also State v. Sigue*, 06-527 (La.App. 3 Cir. 9/27/06), 940 So.2d 812, *writ denied*, 06-2963 (La. 9/28/07), 964 So.2d 354.

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for

2

similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Contrary to the Defendant's assertion that the trial court failed to give adequate consideration to mitigating factors, the record indicates the trial court considered various factors as required by La.Code Crim.P. art. 894.1. At the sentencing hearing for the Defendant, the trial court stated the following:

THE COURT:

All right. All right, I looked at the factors of Article 894.1 of the Code of Criminal Procedure and found the following were applicable. First, there was economic harm caused to the victim. There were no substantial grounds which would tend to excuse this defendant's criminal conduct nor did he act under provocation from anyone. He's twenty-three years old. He's single. He does not have any children. He is in good health. He has employment - has had employment in the past and worked primarily as a laborer. He has an eighth grade education and has not obtained a GED. He does have a history of drug use, primarily marijuana, amphetamines and methamphetamines and he has not received any treatment in the past. He's classified as a technical second felony offender in that his record indicates that on June 20th, 2005 in the Eleventh Judicial District Court he was convicted of attempted possession of a Schedule II drug, received a two-year department of correction sentence and two years supervised probation. However, his probation was revoked February 15th, 2007 due to new convictions. On October the 4th, 2006 in the 30th Judicial District Court, he was convicted of unauthorized entry of an inhabited dwelling and received a three-year Department of Correction sentence which was concurrent - made to run concurrent with others . . .

This court stated, in discussing review of sentences, in *State v. Williams*, 02-707, pp. 8-9 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1100-01:

The trial court must state for the record the considerations taken into account and the factual basis for the sentence. La.Code Crim.P. art. 894.1(C). Although the trial court need not refer to every factor listed in Article 894.1(A), the record should affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence. *State v. Iron*, 00-1238 (La.App. 3 Cir. 2/15/01); 780 So.2d 1123, *writ denied*, 01-1232 (La.3/15/02); 811 So.2d 898. Yet, when the trial court fails to adequately address the factors of La.Code Crim.P. art. 894.1, "the trial court's reasoning alone will not necessitate the need for re-sentencing as long as an adequate factual basis is found within the record." *State v. Butler*, 98-1258, p. 7 (La.App. 3 Cir. 2/3/99); 734 So.2d 680, 684.

In accordance with factors set forth in *State v. Smith*, 99-606, 99-2015, 99-2019, 99-2094 (La. 7/6/00), 766 So.2d 501, the trial court noted that the Defendant took advantage of his elderly grandmother to obtain an economic benefit. Moreover, the court considered the Defendant's criminal history, which includes two prior felonies and a history of drug abuse.

This court further stated in *Williams*, 839 So.2d at 1101:

The trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1. Specifically, when the offense to which the defendant has pled guilty inadequately describes the entire course of the defendant's conduct, the court may consider the benefit obtained by the defendant through the plea bargain. *State v. Lanclos*, 419 So.2d 475 (La.1982). The trial court should particularly make such considerations where the plea bargain results in a significant reduction in the defendant's potential exposure to imprisonment. *State v. Robinson*, 33,921 (La.App. 2 Cir. 11/1/00); 770 So.2d 868; *State v. Waguespack*, 589 So.2d 1079 (La.App. 1 Cir.1991), *writ denied*, 596 So.2d 209 (La.1992). In addition, the trial court may consider other criminal activity which did not result in a conviction. *State v. Texada*, 98-1647 (La.App. 3 Cir. 5/5/99); 734 So.2d 854, *writ denied*, 00-2751 (La.6/29/01); 794 So.2d 824.

At the time of entry of the Defendant's plea, and when he was advised of the maximum penalty, the Defendant decided that the benefits to him in accepting the plea outweighed any disadvantages. Originally, the Defendant was charged with one count of exploitation of the infirmed, a violation of La.R.S. 14:93.4. Under La.R.S. 14:93.4, the Defendant could have received a sentence of up to ten years

imprisonment in addition to a fine of up to ten thousand dollars. Through a plea bargain agreement, the Defendant pled guilty to the lesser charge of attempted exploitation of the infirmed, and the State agreed to not habitualize the Defendant. Also, the State agreed to recommend a concurrent sentence, which the trial court followed. Therefore, the Defendant dramatically decreased his sentencing exposure through his plea bargain agreement.

It is clear that all factors to be applied under La.Code Crim.P. art. 894.1 do not have to be recited here. The trial court stated sufficient reasons for imposition of the sentence. We find that in light of the Defendant's criminal history and the substantial benefit he received from the plea bargain agreement, the five-year sentence and $1,500 fine are not excessive.

## CONCLUSION

The sentence is affirmed.

**AFFIRMED.**