STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

09-1298

STATE OF LOUISIANA

VERSUS

MARCUS ALLEN MAZE

*****************

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 64386
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

*****************

JAMES T. GENOVESE
JUDGE

*****************

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Don M. Burkett**
**District Attorney – Eleventh Judicial District**
**Ronald D. Brandon, Assistant District Attorney**
**Post Office Box 1557**
**Many, LA 71449**
**(318) 256-6246**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**James E. Beal**
**Louisiana Appellate Project**
**Post Office Box 307**
**Jonesboro, LA 71251-0307**
**(318) 259-2391**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Marcus Allen Maze**

**GENOVESE, Judge.**

In this criminal case, the Defendant, Marcus Allen Maze, appeals his sentence pursuant to conviction for attempted manslaughter. On April 24, 2008, the Defendant was charged by an amended bill of information with one count of attempted second degree murder, violations of La.R.S. 14:27 and La.R.S. 14:30.1, one count of attempted second degree murder under the domestic violence act, violations of La.R.S. 14:27, La.R.S. 14:30.1, and La.R.S. 46:2131 through La.R.S. 46:2151, and one count of possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. The Defendant pled guilty on June 22, 2009, to one count of attempted manslaughter, a violation of La.R.S. 14:27 and La.R.S. 14:31, and to one count of possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1.

The trial court ordered a presentence investigation report. On August 31, 2009, the Defendant was sentenced to twenty years imprisonment at hard labor on his conviction for attempted manslaughter and ten years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on his conviction of possession of a firearm by a convicted felon. His sentences were ordered to run concurrently. The Defendant filed a Motion to Reconsider Sentence which was denied without a hearing on September 4, 2009.

The Defendant perfected a timely appeal wherein he asserts that the maximum sentence of twenty years for attempted manslaughter is excessive under the circumstances of his case. He does not appeal his sentence for his conviction of possession of a firearm by a convicted felon. For the following reasons, we find that the trial court did not abuse its vast discretion when it sentenced the Defendant to a total of twenty years imprisonment for his conviction of attempted manslaughter.

**FACTS**

The facts which supported the Defendant's guilty plea were as follows:

> [O]n or about January 17, 2008, Marcus Maze did commit the offense of attempted manslaughter by shooting the victim Lavan Carter[,] and also with a firearm, Mr. Maze was found convicted [sic] in this court on September 15, 2003, of distribution of schedule two.

**ASSIGNMENT OF ERROR**

The Defendant argues that his maximum sentence of twenty years is constitutionally excessive. The Defendant pled guilty to attempted manslaughter. Louisiana Revised Statutes 14:31(B) provides for a range of punishment for the offense of manslaughter of not more than forty years at hard labor. The Louisiana attempt statute, in pertinent part, provides that the offender "shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both." La.R.S. 14:27(D)(3). Accordingly, the maximum sentence of incarceration the Defendant could have received in this case was twenty years for the crime of attempted manslaughter, which was the sentence imposed upon him.

The Defendant was also convicted of possession of a firearm by a convicted felon which provides for a range of punishment of not less than ten years nor more than fifteen years at hard labor. *See* La.R.S. 14:95.1(B). The Defendant received a ten-year sentence; however, he does not contest his sentence for his conviction for possession of a firearm by a convicted felon on appeal.

In discussing maximum sentences, this court stated in *State v. Bailey*, 07-130, p. 3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 250:

> A sentence which falls within the statutory limits

2

may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).

In *State v. Smith,* 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

"Generally, maximum sentences are reserved for those cases that involve the most serious violations of the offense charged and the worst type of offender." *State v. Jones,* 05-735, p. 6 (La.App. 5 Cir. 2/27/06), 924 So.2d 1113, 1116.

The Defendant, in brief, argues that he is not one of the most serious offenders warranting a maximum sentence and that the sentence "is grossly disproportionate to the severity of the crime, and serves no useful purpose." He lists several mitigating factors wherein he asserts the trial court should have considered pursuant to

3

La.Code Crim.P. art. 894.1(B)(22) through La.Code Crim.P. art. 894.1(B)(32), as follows:

> (22) The defendant's criminal conduct neither caused nor threatened serious harm.
>
> (23) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm.
>
> (24) The defendant acted under strong provocation.
>
> (25) There were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense.
>
> (26) The victim of the defendant's criminal conduct induced or facilitated its commission.
>
> (27) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.
>
> (28) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime.
>
> (29) The defendant's criminal conduct was the result of circumstances unlikely to recur.
>
> (30) The defendant is particularly likely to respond affirmatively to probationary treatment.
>
> (31) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
>
> (32) The defendant has voluntarily participated in a pretrial drug testing program.

At the sentencing hearing, the trial court stated:

> Mr. Maze, you appeared in this court and pled to attempted manslaughter and possession of a firearm by a convicted felon. I note that you are in fact a fourth felon[y] offender. I had ordered a presentence investigation. It's been returned to me. I've made it available to your attorney[,] Mr. Kendrick[,] to review. I've noted the sentencing guidelines. I've noted the aggravating and mitigating circumstances.

Only a few of the above mitigating factors may fit the circumstances of the

4

instant case. According to the pre-sentence investigation report, the facts of which were not disputed, the Defendant, armed with a shotgun, broke out the window of the motel room of his former wife and her current boyfriend and fired twice, hitting the boyfriend in the chest. The second shot went through the motel room wall, seriously injuring a man in the adjacent room. As noted by the trial court, the Defendant had three prior felony convictions. His arrest record started in 1989 and is lengthy. He had three prior felony convictions wherein he received prison time, and, in each case, either his parole or his probation was revoked for violations of the conditions thereof.

The Defendant argues that the trial court failed to take into consideration that he was suffering from depression and was on medication for his depression at the time of the incident. However, we note that the trial court was fully aware of the Defendant's mental health issues. The trial court had ordered a sanity commission report and had held an evidentiary hearing concerning the results of the commission's findings.

Finally, the offenses to which the Defendant pled guilty did not adequately describe the entire course of his conduct, and the plea bargain resulted in a significant reduction in his potential exposure to imprisonment. The Defendant received a considerable benefit when he was allowed to plead to a lesser offense which may be considered when determining whether the sentence is excessive. *See State v. Hicks*, 07-726 (La.App. 3 Cir. 12/5/07), 977 So.2d 1008.

We note that in the instant case, the trial court took cognizance of the requirements of La.Code Crim.P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance as long as the record reflects adequate compliance. *See State v. Hutcherson*, 34,540 (La.App. 2 Cir. 4/4/01), 785 So.2d 140.

5

In comparing the Defendant to other similarly situated defendants, the following cases are pertinent. In *State v. Holmes*, 99-631 (La.App. 1 Cir. 2/18/00), 754 So.2d 1132, *writ denied*, 00-1020 (La. 3/30/01), 788 So.2d 440, in a similar factual scenario, the first circuit did not find the maximum sentence imposed on a conviction for attempted manslaughter to be excessive. The defendant in that case, charged with second degree murder and attempted second degree murder, was found guilty of manslaughter and attempted manslaughter. He was sentenced to forty years and twenty years, respectively, to be served concurrently. The defendant had crawled into his former wife's bedroom window, shot and killed her lover, then wounded her in the face. Likewise, in *State v. Stanton*, 05-812 (La.App. 4 Cir. 3/8/06), 929 So.2d 137, *writ denied*, 06-1381 (La. 1/26/07), 948 So.2d 161, the defendant, charged with attempted second degree murder, was convicted of attempted manslaughter and sentenced to the maximum sentence of twenty years imprisonment. During an armed robbery attempt, the defendant aimed the gun at the victim and fired twice, but the gun misfired both times. The fourth circuit did not find the sentence excessive, noting that the defendant had an extensive criminal record and that he had "committed very serious crimes without regard for human life[.]" *Id.* at 141.

Considering the above jurisprudence and the facts of the current case, we cannot say that the maximum sentence of twenty years is so shocking that it disturbs this court's sense of justice. The Defendant has three prior felony convictions with revocations in each case. This was a serious offense committed without regard for human life, which resulted in serious injury to the victims. Accordingly, the trial court did not abuse its vast discretion when it sentenced the Defendant to the maximum sentence of twenty years for the offense of attempted manslaughter.

## DISPOSITION

We affirm the Defendant's twenty-year sentence pursuant to his conviction for attempted manslaughter.

**AFFIRMED.**