# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 12-599

STATE OF LOUISIANA

VERSUS

WILCY ERNEST MONCEAUX, SR.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. 778-09
HONORABLE C. STEVE GUNNELL, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Jimmie C. Peters, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.

Edward J. Marquet
Louisiana Appellate Project
Post Office Box 53733
Lafayette, Louisiana 70505-3733
(337) 237-6841
COUNSEL FOR DEFENDANT/APPELLANT:
    Wilcy Ernest Monceaux, Sr.

**Michael C. Cassidy**
**District Attorney − Thirty-First Judicial District**
**Stacey C. Naquin, Assistant District Attorney**
**Post Office Box 1388**
**Jennings, Louisiana 70546**
**(337) 824-1893**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**GENOVESE, Judge.**

In this criminal case, Defendant, Wilcy Ernest Monceaux, Sr., pled guilty to the offense of attempted manslaughter[1] and was sentenced to twenty years at hard labor. He appeals, alleging excessive sentence. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On August 12, 2009, officers with the Lake Arthur Police Department responded to a call stating that Defendant was beating his ex-wife, Lucinda Monceaux, and that he had a gun. Upon arriving at the scene, the officers questioned witnesses, who advised that Defendant had beaten up his ex-wife and fled the scene.

Officers found Lucinda bleeding from the nose, with a cut above her eye, a busted lip, and a bruised and swollen face. She was sent to the hospital by ambulance. Also at the scene was Edgar Lavergne, a next door neighbor, who had intervened and fought with Defendant and had likewise been beaten up. He stated that he was able to wrestle a .22 caliber pistol from Defendant and discard it.

After a search, the officers located Defendant at his home with both wrists slit and bleeding profusely from both arms. He was also taken to the hospital.

Lucinda gave a statement that Defendant showed up at her rental property where she was mowing the grass. He approached her and hit her in the face, knocking her to the ground. He continued to hit and kick her. Then, he pulled out a gun, put it between her eyes, and pulled the trigger twice. Luckily, the gun malfunctioned and did not fire. She stated that her neighbor, Mr. Lavergne, came over and interceded on her behalf, which allowed her to get away from Defendant.

---

[1] Defendant also pled guilty to a companion charge, false imprisonment with a weapon, which is the subject of a separate appeal.

Two prospective renters of Lucinda's property were there and also witnessed the occurrence. Lucinda had previously procured a protective order which was in effect at the time of this occurrence.

On September 4, 2009, the State filed a bill of information charging Defendant with attempted first degree murder. Defendant entered a plea of not guilty by reason of insanity. On October 17, 2011, Defendant entered a plea of guilty to the amended charge of attempted manslaughter, a violation of La.R.S. 14:27 and La.R.S. 14:31. On March 28, 2012, a sentencing hearing was held wherein statements were read and the trial court heard testimony and argument. On April 2, 2012, the trial court sentenced Defendant to twenty years at hard labor, and Defendant lodged this appeal.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR

[The] [t]rial court erred in imposing the maximum [twenty]-year sentence against a first-time felony offender with no criminal history and a[n] uncontroverted medical condition at the time of the offense of Alzheimer's and paranoid psychosis who had been discharged from a VA hospital a mere three days before the offense.

## DISCUSSION

Defendant pled guilty to attempted manslaughter. According to the manslaughter statute, "[w]hoever commits manslaughter shall be imprisoned at hard labor for not more than forty years." La.R.S. 14:31(B). According to the attempt statute, "[w]hoever attempts to commit any crime shall be punished . . . in the same manner as for the offense attempted . . . [except that] such . . . imprisonment shall not exceed one-half of . . . the longest term of imprisonment

2

prescribed for the offense . . . ." La.R.S. 14:27(D)(3). Therefore, the trial court gave Defendant the maximum sentence provided by law for attempted manslaughter.

Defendant, in brief, contends that his sentence is excessive, considering his medical condition and the fact that he is a first felony offender.

In discussing maximum sentences, this court stated in *State v. Bailey*, 07-130, p. 3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 250:

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

> *State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

"Generally, maximum sentences are reserved for those cases that involve the most serious violations of the offense charged and the worst type of offender." *State v. Jones*, 05-735, p. 6 (La.App. 5 Cir. 2/27/06), 924 So.2d 1113, 1116.

*State v. Maze*, 09-1298, pp. 2-3 (La.App. 3 Cir. 5/5/10), 36 So.3d 1072, 1074-75.

At the sentencing hearing, the trial court gave sufficient, explicit, and extensive reasons justifying the twenty-year maximum sentence given to Defendant, stating (emphasis added):

You pled guilty of [sic] the crime of attempted manslaughter, which normally carries with it a possible sentence of imprisonment, at hard labor with the Department of Corrections, for not more than twenty (20) years.

The Pre-Sentence Investigation indicates that you're sixty-five (65) years of age, born on March the 20th, 1947. You're currently divorced, having been married once to Lucinda Gaspard in 1971. You have four (4) children from this marriage. You were divorced in 2011. You attended school in Lake Arthur, Louisiana, and you graduated from high school in 1966. After graduating, you joined the United States Navy; however, you were later discharged due to health problems. Prior to your arrest, you were employed in the construction field, and you retired from the Jefferson Davis Parish School Board for whom you worked as a maintenance supervisor for twenty-two (22) years.

The Pre-Sentence Investigation states that you do not have a juvenile criminal history. You have another arrest for false imprisonment with a weapon to which you pled guilty on October 17th, 2011. The sentencing of false imprisonment is also set for today.

According to the Pre-Sentence Investigation, on August the 12th of 2009, Lake Arthur police officers were dispatched to a home in Lake Arthur after a witness reported that you were beating your wife and had a gun in your possession. When the police arrived, witnesses advised them that you had left to get another gun because your gun had misfired. The police called for an ambulance because Ms. Marceaux -- Monceaux, excuse me, was bleeding from her nose and other facial injuries. The police officers went -- then went to your residence to question you, but you had attempted to harm yourself by slitting -- slitting your wrists. At that point, the police transported you to the hospital for treatment. During her interview, Mrs. Monceaux told the officers that you had hit her several times in the face and had pointed the gun between her eyes and threatened to kill her. She stated that you had pulled the trigger twice, but both times the gun misfired. A neighbor intervened, and Mrs. Monceaux was able to get away. You were then arrested and charged with

4

attempted first degree murder and other charges. On October 17th, 2011, after withdrawing your initial plea of not guilty by reason of insanity, you pled guilty to the amended charge of attempted manslaughter.

I am going to file the Pre-Sentence Investigation into the record for further reference, if necessary.

In reviewing the Pre-Sentence Investigation, the Court takes note of the fact that you are sixty-five (65) years of age. This has been taken into consideration in mitigating against imposition of the maximum sentence; however, the Court can find no other mitigating factors.

The Court takes note of the fact that the district attorney's office initially charged you with attempted first degree murder, but you were allowed to plead guilty to the reduced charge of attempted manslaughter. There was testimony at the sentencing hearing as to your voluntary intoxication and your use of ephedrine at the time you -- at the time you committed the offense, and that these facts should be taken into consideration when pronouncing your sentence. However, the Court finds that these factors were already considered when the district attorney's office allowed the original charge to be reduced in return for your plea of guilty. *The prosecution has ample evidence in this case that you demonstrated the offense was well-planned before the incident occurred despite your claims of incapacity.* Furthermore, there was testimony from the victim that you had a history of domestic abuse against both your wife and your children going back several years which predated the incident at issue herein.

In addition, the Court takes note of several aggravating factors listed in Code of Criminal Procedure Article 894.1 that requires a lengthy term of imprisonment -- excuse me, of incarceration. Your conduct during the commission of the offense manifested deliberate cruelty to the victim. You used actual violence in the commission of the crime. The offense resulted in permanent injury or significant economic loss to the victim or her family, and you used a dangerous weapon in the commission of the offense.

Your involvement in this criminal activity demonstrates to this Court that you -- that you cannot live in society and that this community must be protected from you. You are certainly in need of correctional treatment in a custodial environment for -- for a significant period of time. Anything less would deprecate from the seriousness of your offense, would not promote respect for the law, and not -- and would not provide a just punishment for the crime of which you stand convicted. This Court has an obligation to protect the public from you and will do so by -- by removing you from society.

5

Therefore, the Court sentences you to the Department of Corrections, State of Louisiana, to -- to be imprisoned at hard labor for a period of time of twenty (20) years. The Court advises you that you have two (2) years from the date this conviction and sentence becomes final to apply for post-conviction relief, and you will be -- you will receive credit for time previously served, and the Court is going to order the Pre-Sentence Investigation filed into the record and sealed.

At the sentencing hearing, Defendant admitted the facts and occurrence of the incident. Contrary to Defendant's assertions, the transcript of the sentencing hearing clearly indicates that the trial court did consider Defendant's criminal history and medical condition at the time of the offense. Although Defendant is a first felony offender, his crime was vicious and very serious. Additionally, it is undisputed that Defendant inflicted domestic physical and mental abuse upon his ex-wife in excess of thirty years. In fact, there was a protective order in effect to protect the ex-wife at the time of the offense. Additionally, the record clearly indicates that this occurrence would have resulted in a completed homicide, as opposed to an attempt, but for the misfiring of the gun and intervention by the neighbor.

Defendant claims to have Alzheimer's disease, but his expert, Dr. Lawrence Dilks, a neuropsychiatrist, testified at the sentencing hearing and only gave a diagnosis of "mild cognitive decline"—a precursor to Alzheimer's disease. This was noted by the trial court in its sentencing.

Considering the factors leading up to and through Defendant's commission of this offense and its companion charge, the benefit of allowing Defendant to plead down to the lesser offense of attempted manslaughter as opposed to attempted first degree murder and a potential fifty-year sentence therefor, and the mitigating factors alleged by Defendant, we find no manifest abuse of discretion by

6

the trial court in sentencing Defendant to the maximum twenty years at hard labor for the lesser offense of attempted manslaughter.

## DISPOSITION

Defendant's sentence is affirmed.

**AFFIRMED.**