# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 16-129

STATE OF LOUISIANA

VERSUS

JAVIN JAMES BENOIT

AKA JAVIN BENOIT

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 13-245834
HONORABLE CURTIS SIGUR, DISTRICT JUDGE

**********

### SHANNON J. GREMILLION
### JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**CONVICTION AND SENTENCE AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**

**Annette Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Javin James Benoit

**M. Bofill Duhe**
**District Attorney, Sixteenth Judicial District Court**
**Chester Cedars**
**Assistant District Attorney**
**415 S. Main St.**
**St. Martinville, LA 70582**
**(337) 394-2210**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**GREMILLION, Judge.**

Defendant, Javin James Benoit, went to the home of Jennifer Duffy in an attempt to reconcile with her after she had terminated their relationship. When she refused, he convinced her to drive him home. On the way home, he attacked her and severely beat her about the face and head. He left her unconscious in the back seat of her vehicle, parked behind a hospital in Lafayette. Defendant went to the home of his uncle in Lafayette and told him what he had done and where the victim was located. Defendant's uncle rode his bike to the hospital and found the victim semiconscious in the vehicle. There was blood all over the vehicle, and the victim was bleeding from her nose, ears, mouth, and eyes. The uncle drove the victim back to his house. Several hours later, after it became apparent the victim needed serious medical attention, the uncle called Defendant's mother and sister, who immediately called 911. The victim was transported to the emergency room, where she was admitted to the hospital with severe injuries to her face, neck, and head.

On December 13, 2013, Defendant was charged by a bill of information with attempted second degree murder, violations of La.R.S. 14:27 and 14:30.1. On February 6, 2015, Defendant pled guilty to attempted manslaughter, a violation of La.R.S. 14:27 and 14:31. In exchange for his plea, the State agreed to dismiss an unrelated charge of introduction of contraband into a penal institution and not to file a habitual offender bill. On March 9, 2015, the date for sentencing, Defendant made an oral motion to withdraw the plea of guilty to attempted manslaughter. At this time, Defendant indicated he was hiring private counsel. A hearing was scheduled for April 2, 2015, to address the motion to withdraw Defendant's guilty plea and attorney status. At the April 2, 2015 hearing, Defendant advised the trial

court he desired a court-appointed counsel. New counsel was appointed and the matter was continued to April 20, 2015.

On April 20, 2015, Defendant withdrew his motion to withdraw the guilty plea. Defendant was sentenced to the maximum term of twenty years imprisonment at hard labor, to be served concurrently with two and one-half years of a five-year sentence he was already serving for a parole violation.

Defendant filed an "Out-of-Time Motion to Reconsider Sentence." The motion was denied on May 18, 2015, without a hearing. The motion to reconsider was not untimely filed, however, as noted by the date the trial court denied the motion.

Defendant perfected a timely appeal, and a public defender was appointed to represent Defendant. Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging that the record contains no non-frivolous issues for appeal and requests that this court grant her accompanying motion to withdraw. On March 8, 2016, Defendant was advised, via certified mail, that counsel filed an *Anders* brief and that he was given until April 15, 2016, to file a pro se brief. To date, Defendant has not filed a pro se brief. For the following reasons, we affirm Defendant's conviction and sentence and grant appellate counsel's motion to withdraw.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, Defendant's appellate counsel filed a brief stating that she made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of Defendant's conviction or sentence. Thus, appellate counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

An appellate counsel's *Anders* brief must review the record and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In support of her motion to withdraw, appellate counsel noted that while the bill of information charged Defendant with attempted second degree murder, the bill was not formally amended. However, the State acknowledged its acceptance of a plea to a reduced charge at the guilty plea hearing as permitted by La.Code Crim.P. art. 558.

Appellate counsel further noted that the trial court gave detailed reasons supporting the imposition of the maximum sentence for the offense of attempted manslaughter. The trial court noted that Defendant was a fourth-time felony offender, which included two convictions for domestic violence and one conviction for an assault on a police officer. Defendant also had several misdemeanor

convictions for various theft and drug offenses. The trial court further noted the severity of the injuries inflicted on the victim and the emotional and economic impact his actions had on the victim who has had several facial reconstruction surgeries and has partial facial paralysis as a result of Defendant's actions. Finally, appellate counsel noted the significant benefit Defendant received from the plea agreement, considering he was looking at the potential of a life sentence had he not pled to attempted manslaughter and the State chosen to charge him as a habitual offender.

Appellate counsel concluded that "[b]ased on the record and the conclusions set forth above, appellate counsel can find no errors on appeal which would support the setting aside or the amendment of the twenty year hard labor sentence imposed upon [Defendant]." Appellate counsel desires to withdraw from the case because she could find no non-frivolous error subject to review on appeal.

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Our review confirmed the statements made by appellate counsel. Furthermore, Defendant was present and represented by counsel at all crucial stages of the proceedings. Additionally, Defendant entered a free and voluntary plea after he was advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969).

On February 6, 2015, at the guilty plea hearing, the trial court questioned Defendant regarding his educational level and ascertained that he could read and write. The trial court informed Defendant that he was waiving his right to a jury trial, his right to confront and cross-examine his accusers, his right to compel witnesses to testify, his right to remain silent, and his right to representation. The

trial court also advised Defendant that he was facing a maximum of twenty years imprisonment. Defendant stated that he understood the range of punishment and the plea agreement. Additionally, Defendant stated that he had not been induced to plead by any threats, promises, or force. On the same date of his initial guilty plea, Defendant signed a form entitled "Certificate Outlining Felony Plea Agreement."

On the original sentencing date, March 9, 2015, Defendant advised the trial court that he wished to withdraw his guilty plea and hire private counsel. Defendant was given a hearing date on the motion to withdraw and the opportunity to hire private counsel. Defendant was advised by the State that should he withdraw the guilty plea to attempted manslaughter, he would be charged with attempted second degree murder, and the State would file a habitual offender bill against him, which could result in life imprisonment. At the April 20, 2015, hearing, through defense counsel, Defendant advised the trial court that he did not wish to withdraw his plea and that he was prepared to go forward with sentencing, following which Defendant was sentenced.

Finally, we agree with appellate counsel that there were no errors that would support a reversal of Defendant's twenty-year sentence as excessive. The attempt statute, in pertinent part, provides that a defendant shall be punished in the same manner as for the offense attempted, which shall not exceed one-half of the longest term of imprisonment prescribed for the offense so attempted. La.R.S. 14:27(D)(3). The maximum sentence for the offense of manslaughter is forty years at hard labor; thus, Defendant received the maximum penalty allowable under the law. La.R.S. 14:31 and 14:27. "Generally, maximum sentences are reserved for those cases that involve the most serious violations of the offense charged and the

5

worst type of offender." *State v. Jones*, 05-735, p. 6 (La.App. 5 Cir. 2/27/06), 924 So.2d 1113, 1116, *writ denied*, 07-151 (La. 10/26/07), 966 So.2d 567.

In *State v. Maze*, 09-1298 (La.App. 3 Cir. 5/5/10), 36 So.3d 1072, the defendant was charged with attempted second degree murder but convicted of attempted manslaughter and received the maximum sentence of twenty years imprisonment. This court did not find the sentence excessive. In *Maze,* the defendant, armed with a shotgun, broke out the window of a motel room where his former wife and her boyfriend were staying and shot the boyfriend in the chest. The second shot went through the room wall into the next room and injured its occupant. It was noted that the defendant had a lengthy arrest record and had three prior felonies wherein he received prison time, and, in each case, his parole or probation was revoked for various violations.

This court went on to state:

Finally, the offenses to which the Defendant pled guilty did not adequately describe the entire course of his conduct, and the plea bargain resulted in a significant reduction in his potential exposure to imprisonment. The Defendant received a considerable benefit when he was allowed to plead to a lesser offense which may be considered when determining whether the sentence is excessive. *See State v. Hicks,* 07-726 (La.App. 3 Cir. 12/5/07), 977 So.2d 1008.

We note that in the instant case, the trial court took cognizance of the requirements of La.Code Crim.P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance as long as the record reflects adequate compliance. *See State v. Hutcherson,* 34,540 (La.App. 2 Cir. 4/4/01), 785 So.2d 140.

In comparing the Defendant to other similarly situated defendants, the following cases are pertinent. In *State v. Holmes,* 99-631 (La.App. 1 Cir. 2/18/00), 754 So.2d 1132, *writ denied*, 00-1020 (La.3/30/01), 788 So.2d 440, in a similar factual scenario, the first circuit did not find the maximum sentence imposed on a conviction for attempted manslaughter to be excessive. The defendant in that case, charged with second degree murder and attempted second degree murder, was found guilty of manslaughter and attempted manslaughter. He was sentenced to forty years and twenty years,

respectively, to be served concurrently. The defendant had crawled into his former wife's bedroom window, shot and killed her lover, then wounded her in the face. Likewise, in *State v. Stanton,* 05-812 (La.App. 4 Cir. 3/8/06), 929 So.2d 137, *writ denied*, 06-1381 (La.1/26/07), 948 So.2d 161, the defendant, charged with attempted second degree murder, was convicted of attempted manslaughter and sentenced to the maximum sentence of twenty years imprisonment. During an armed robbery attempt, the defendant aimed the gun at the victim and fired twice, but the gun misfired both times. The fourth circuit did not find the sentence excessive, noting that the defendant had an extensive criminal record and that he had "committed very serious crimes without regard for human life[.]" *Id.* at 141.

*Id.* at 1076 (alteration in original).

Considering the above jurisprudence and the facts in this case, the trial court did not err when it imposed the maximum sentence on Defendant.

A review of the record reveals no issues that would support an assignment of error on appeal. Therefore, Defendant's conviction and sentence is affirmed and appellate counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**

**STATE OF LOUISIANA**

**VERSUS**

**JAVIN JAMES BENOIT**

**LOUISIANA THIRD CIRCUIT COURT OF APPEAL**

**DOCKET NO. KA 16-0129**

---

On appeal from the Sixteenth Judicial District Court, Parish of St. Martin, Docket Number 13-2455834, Honorable Curtis Segur, presiding.

## <u>ORDER</u>

The above and foregoing Motion considered,

IT IS ORDERED that ANNETTE ROACH and PAULA MARX be allowed to withdraw as attorneys for JAVIN JAMES BENOIT in this appeal.

Thus done and signed in Lake Charles, Louisiana, this ___ day of _____, 2016.

_____
JUDGE

_____
JUDGE

_____
JUDGE

8