857 So.2d 586 (2003)
STATE of Louisiana
v.
Bennie Kane JOHNSON
No. 2003 KA 0150.
Court of Appeal of Louisiana, First Circuit.
September 26, 2003.
*587 Honorable J. Phil Haney, District Attorney, Thomas C. Senette, Assistant District Attorney, Franklin, Counsel for Appellee State of Louisiana.
Bertha Hillman, Thibodaux, Counsel for Defendant/Appellant Bennie Kane Johnson.
*588 Before: FOIL, FITZSIMMONS, and GAIDRY, JJ.
FITZSIMMONS, J.
The defendant, Bennie Kane Johnson, was charged by bill of information with one count of simple burglary of an inhabited dwelling (count I), a violation of La. R.S. 14:62.2, and one count of possession of cocaine (count II), a violation of La. R.S. 40:967C. Pursuant to a plea agreement for a total sentence of thirteen years at hard labor on counts I and II, the State of Louisiana agreed not to institute habitual offender proceedings against the defendant, and the defendant pled guilty as charged on counts I and II. The plea agreement also established that there would be a hearing to determine whether the court would impose the sentences for the instant offenses to run concurrently with, or consecutively to, the sentence remaining on an aggravated burglary offense for which the defendant was on parole at the time of the instant offenses. The trial court reserved to the defendant the right to appeal the latter issue if the court decided in favor of consecutive sentences.
On count II, the defendant was sentenced to four years at hard labor. On count I, the defendant was sentenced to nine years at hard labor, including one year without benefit of probation, parole, or suspension of sentence. Additionally, the court ordered that the four-year sentence for possession of cocaine, was to run consecutively to any previously imposed sentences, including the sentence imposed under St. Mary Parish Docket # 133,262 (the defendant's aggravated burglary conviction). The nine-year sentence for simple burglary was to run consecutively to the four-year sentence for possession of cocaine. The defendant moved for reconsideration of sentence, but the motion was denied. He now appeals, designating one assignment of error. We affirm the convictions and sentences.

FACTS
Due to the defendant's guilty pleas, there was no trial in this matter; thus, no trial testimony concerning the facts of the offenses exists. At the Boykin hearing, however, the state set forth the following factual basis for the charges, which the defendant acknowledged was true.
On March 13, 2002, Ms. Benita Prevost (Prevost) was in the bathroom of her residence in Franklin getting ready to brush her teeth. Prevost was disturbed by "a noise" and her dog's barking. When she investigated the disturbance, she came face-to-face with the defendant who was wearing a dark-colored, hooded sweat suit. The defendant ran out of the back door and out of the back yard of Prevost's home. Thereafter, Prevost discovered her purse was missing. The purse had contained Prevost's cell phone and other personal items.
The defendant was seen running across Hospital Avenue through the old St. Mary Bank (now Regions Bank) parking lot in the direction of the Gum Street apartments. It was learned that the defendant was living in "apartment 2" of 1513 Gum Street, and he was found by the police in bed at that address. The victim's cell phone was also recovered from the bed. Two rocks of crack cocaine were recovered from the dresser in the bedroom where the defendant was discovered. Certain personal items belonging to the victim and a `crack pipe' were recovered from the closet. Additionally, the victim's purse, her identification, and her credit cards were recovered from a garbage bag in the pantry of the defendant's residence.

EXCESSIVE SENTENCE
In his sole assignment of error, the defendant contends the trial court erred in *589 denying the motion to reconsider a constitutionally excessive sentence. He argues, under the facts and circumstances of the instant case, that it is excessive for him to have to serve his sentences consecutively to, rather than concurrently with, the sentence imposed earlier on the earlier offense (aggravated burglary offense). The defendant further argues that the trial court's imposition of sentence failed to give adequate consideration to the sentencing guidelines of La.C.Cr.P. art. 894.1.
Louisiana Code of Criminal Procedure Article 894.1
The Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1B. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the criteria. La.C.Cr.P. art. 891.4C. In light of the criteria expressed by article 894. 1B, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Hurst, 99-2868, p. 10 (La. App. 1 Cir. 10/3/00), 797 So.2d 75, 83, writ denied, XXXX-XXXX (La.10/5/01), 798 So.2d 962.
Constitutional Excessiveness
Article I, section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. Id. Generally, a sentence is considered excessive if it appears to be grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, the sentence is so disproportionate as to shock one's sense of justice. Id. A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. Hurst, 99-2868 at pp. 10-11, 797 So.2d at 83.
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation, or suspension of sentence, nor for more than twelve years. La. R.S. 14:62.2. On count I, the defendant was sentenced to nine years at hard labor, including one year without benefit of probation, parole, or suspension of sentence. Any person who knowingly or intentionally possesses a controlled dangerous substance, as classified in Schedule II (with exceptions inapplicable here), shall be imprisoned with or without hard labor for not more than five years, and, in addition, may be sentenced to pay a fine of not more than five thousand dollars. La. R.S. 40:967C(2). On count II, the defendant was sentenced to four years at hard labor.
Additionally, the court ordered that the imposed sentences were to run consecutively to one another and consecutively to the sentence imposed under St. Mary Parish Docket # 133,262. In sentencing the defendant, the court indicated it had considered the information presented at the sentencing hearing, as well as the sentencing guidelines of La.C.Cr.P. art. 894.1. The court noted that: the defendant had a long criminal history and had been involved in criminal activity for an extended period of time; the defendant was on parole at the time he committed the instant offenses, which indicated he was not a *590 good candidate for probation; there was an undue risk that, during a suspended sentence, the defendant would commit another crime; any sentences less than the sentences the court intended to impose would deprecate the seriousness of the crimes; the defendant had been persistently involved in similar offenses as shown by his criminal history; and none of the mitigating circumstances of La.C.Cr.P. art. 894.1 applied in the defendant's case.
A thorough review of the record reveals the trial court adequately considered the criteria of article 894.1 and did not manifestly abuse its discretion in imposing the sentences herein. See La.C.Cr.P. art. 894.1 B(21), La.C.Cr.P. art. 894.1 A(1), La. C.Cr.P. art. 894.1 A(3), and La.C.Cr.P. art. 894.1 B(12). Further, the sentences imposed were not grossly disproportionate to the severity of the offenses, and thus, were not unconstitutionally excessive. The instant offenses and the aggravated burglary offense for which the defendant was on parole when he committed the instant offenses were not based on the same act or transaction. Nor did the instant offenses and the aggravated burglary constitute parts of a common scheme or plan. Thus, absent express direction from the trial court that some or all of the sentences for the instant offenses and the sentence for the aggravated burglary were to be served concurrently, the sentences were to be served consecutively. La.C.Cr.P. art. 883.
Additionally, as a result of plea bargaining in the instant case, the defendant avoided the possibility of sentencing enhancement under the habitual offender law, La. R.S. 15:529.1. A defendant's reduced penalty exposure as a result of plea bargaining is a valid factor for consideration in imposing sentence. See State v. Lanclos, 419 So.2d 475, 478 (La.1982).
This assignment of error is without merit.
CONVICTIONS AND SENTENCES AFFIRMED.