STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 08-898

STATE OF LOUISIANA

VERSUS

JAMES M. BAKER

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 73193
HONORABLE LESTER P. KEES, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.

William E. Tilley
District Attorney - Thirtieth Judicial District Court
P. O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
Counsel for Plaintiff/Appellee:
State of Louisiana

**Mary Constance Hanes**
**Louisiana Appellant Project**
**P. O. Box 4015**
**New Orleans, LA 70178-4015**
**(504) 866-6652**
**Counsel for Defendant/Appellant:**
**James M. Baker**

**Terry Wayne Lambright**
**Attorney at Law**
**100 South Third Street, Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**EZELL, JUDGE.**

The Defendant, James M. Baker, was charged by bill of information with simple burglary of an inhabited dwelling, in violation of La.R.S. 14:62.2 and with theft over $500, in violation of La.R.S. 14:67. On March 5, 2008, the Defendant pled guilty to the simple burglary charge in exchange for the dismissal of the theft charge. The State also agreed to recommend a concurrent sentence to any sentence he was currently serving and not to charge the Defendant as a habitual offender.

The Defendant was sentenced on May 27, 2008, to serve ten years at hard labor, with credit for time served. A timely motion to reconsider sentence was filed on June 6, 2008, and was summarily denied, without reasons, on June 9, 2008. The Defendant is now before this court on appeal, asserting that his sentence is excessive.

## FACTS

At the Defendant's guilty plea, the State established that on August 26, 2007, the Defendant entered the residence of Ellen Tilley, without her consent, and stole a Browning shotgun and DVDs belonging to Ms. Tilley.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent, but the minutes of sentencing require correction.

The court minutes of sentencing state that the Defendant's "sentence is to run concurrent with any other sentences the defendant is subject"; however, this is not reflected in the sentencing transcript.[1] Accordingly, the district court is instructed to amend the minutes of sentencing to correctly reflect the sentence imposed.

---

[1]The trial judge mentioned at sentencing that in conjunction with the plea, it was recommended that he impose a sentence that would run concurrently with any other sentence the Defendant may be serving. However, during the court's imposition of the sentence, the judge did not state that the sentence would run concurrently with any other sentence the Defendant was serving, as reflected in the court minutes.

1

**ASSIGNMENT OF ERROR**

In his sole assignment of error, the Defendant argues that his ten-year sentence is excessive under the circumstances of this case. The Defendant asserts that he fully cooperated with the authorities, confessed to the crime, showed them where he had hidden the items taken from the Ms. Tilley's residence, and as such, Ms. Tilley was made whole. The Defendant also contends that in the absence of his cooperation, it is unlikely that the authorities could have convicted him. Lastly, the Defendant maintains that at the time of the offense, he was experiencing extreme economic hardship.

In his motion to reconsider sentence, the Defendant requested the trial court to reconsider his sentence ". . . because it is excessive." "Failure to . . . include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." La.Code Crim.P. art. 881.1(E). Because defense counsel clearly failed to allege in the motion to reconsider sentence that the trial court should have considered Defendant's cooperation, confession, and economic status at the time of the offense, this court is relegated to a bare claim of excessiveness.

As stated by this court in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59 (first two alterations in original):

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most

2

serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1. The nature of the crime,

2. The nature and background of the offender, and

3. The sentence imposed for similar crimes by the same court and other courts.

*See also State v. Semien*, 06-841 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, 1197, *writ denied*, 07-448 (La. 10/12/07), 965 So.2d 397.

The sentencing range for simple burglary of an inhabited dwelling as stated in La.R.S. 14:62.2 is one to twelve years at hard labor, without benefit of parole, probation, or suspension of sentence. Thus, the Defendant received an upper range sentence. The Defendant, however, derived significant benefit from his plea agreement. Prior to his plea, he faced a possible sentence for theft of up to ten years, with or without hard labor, or fine of up to three thousand dollars, or both. La.R.S. 14:67. Additionally, the State agreed not to charge the Defendant as a habitual offender, significantly decreasing his sentencing exposure.

With regard to the nature of the offense, the trial court noted at sentencing that Ms. Tilley was in the process of moving into her residence when she saw the Defendant walk around the corner of her home as she pulled up with a load of items. The Defendant then walked back around to the front of her home, asked for a place to wash his hands, washed his hands under a faucet on the outside of the house and then left. As the Defendant drove off, Ms. Tilley recorded his license plate number.

3

She later discovered that a shotgun and DVDs were missing from her home and noticed that the bedroom door had been broken. After identifying the Defendant in a lineup, the Defendant was questioned and voluntarily took the deputies to the place where he had hidden the items.

The trial court also considered the information contained in the Defendant's pre-sentence investigation report and observed several factors which reflect the nature and background of the Defendant. First, the trial court noted that the thirty-six-year-old Defendant was married, had four children, and was in fair health. He completed eleventh grade and subsequently obtained his GED. The Defendant's employment history indicated that he was employed by the Department of Transportation and Development as a maintenance worker. He admitted to using marijuana but denied the use of hard drugs or having received drug treatment in the past.

The Defendant's criminal history indicates that he is a third-felony offender. In August 1989, the Defendant was convicted of attempted murder and sentenced eleven years at hard labor. He was paroled in August 1991. The Defendant's parole was then revoked in June 1992. Next, in October 2004, the Defendant was convicted of theft over five hundred dollars and received a five-year suspended sentence and was placed on supervised probation. His probation was revoked in September 2007, following the offense at issue.

Considering same, the trial court concluded that the Defendant would likely commit another crime while on probation and then noted that he was, nonetheless, not eligible for a suspended sentence as a third - felony offender. The trial court declared that there were no substantial grounds to excuse or justify the Defendant's actions and that he acted on his own free will, with no provocation to commit the offense. Lastly, the trial court opined that the Defendant was in need of correctional treatment and a

4

lesser sentence would deprecate the seriousness of the offense.

Recent jurisprudence was reviewed for sentences involving similar crimes, the third and last factor to consider under *Lisotta,* 726 So.2d 57. In *State v. Alsup*, 42,636 (La.App. 2 Cir. 10/24/07), 968 So.2d 1152, *writ denied*, 07-2252 (La. 4/25/08), 978 So.2d 363, the defendant was charged with simple burglary of an inhabited dwelling and was subsequently convicted following trial. The facts indicate that he entered the victim's home without permission and removed checks from the home. The defendant subsequently used the stolen checks to purchase items, including clothing, computers, and auto parts. The defendant, a first felony offender, was sentenced to eight years at hard labor which was affirmed on appeal.

In *State v. Johnson*, 03-150 (La.App. 1 Cir. 9/26/03), 857 So.2d 586, the defendant was charged with simple burglary of an inhabited dwelling and possession of cocaine. The facts indicate that the defendant entered the victim's home without her consent. When the victim discovered the defendant in her home, he fled the residence. The victim discovered that her purse was missing. When the defendant was apprehended, the victim's purse, her identification, and her credit cards were recovered from a garbage bag in the pantry of the defendant's residence. Two rocks of cocaine and a pipe were also found in the residence. The defendant pled guilty to the charges, and the State agreed not to charge him as a habitual offender. He was sentenced for simple burglary to nine years at hard labor, one year without benefit of probation, parole, or suspension of sentence, and for the cocaine possession, he received four years at hard labor. The sentences were ordered to run concurrently, but consecutively to the sentence remaining on an aggravated burglary offense for which the defendant was on parole at the time of the instant offenses. The defendant's sentences were affirmed on appeal.

In light of the jurisprudence, the Defendant's sentence in the instant case does not appear to be disproportionate to other sentences imposed in similar circumstances. Considering the facts of the case and the Defendant's criminal history, his sentence is not constitutionally excessive. Additionally, the record clearly reflects that the trial court considered the sentencing guidelines set forth in La.Code Crim.P. art. 894.1 in sentencing the Defendant. Accordingly, the Defendant's sentence is affirmed as it does not shock the sense of justice nor does the term of imprisonment imposed constitute an abuse of the trial court's sentencing discretion.

## CONCLUSION

The Defendant's sentence is affirmed; however, the district court is instructed to amend the minutes of sentencing to correctly reflect the sentence imposed.

**AFFIRMED.**