GREMILLION, Judge,
dissents in part and assigns written reasons.
| ^though I agree with the majority’s opinion in all other respects, I disagree with the majority’s finding that Defendant’s sentence is not excessive. Defendant argues that the sentencing court failed to give adequate weight to his lack of a prior criminal history. Moreover, Defendant complains that Frelich, who had four prior convictions, received a much more lenient sentence of three years.
At the sentencing hearing the trial court listened to argument by counsel and a statement by Defendant. Thereafter, the trial court gave extensive oral reasons wherein it discussed “the aggravating and mitigating circumstances.” The trial court did so again at the hearing of Defendant’s motion for reconsideration of sentence.
The only prior offense discussed in the record is the identity theft conviction, which arose from the use of a credit card contained in Judge Bennett’s stolen wallet. Thus, the identity theft conviction arose from the same course of events as the instant conviction. The only aggravating factors the sentencing court mentioned were Defendant’s angry attitude throughout the trial proceedings and his marijuana use. The trial court specifically found that *1227 the victim’s status as a district court judge was irrelevant. In mitigation, the sentencing court noted Defendant’s general lawfulness and the fact that the house was empty when it was burglarized.
However, at the reconsideration hearing, the defense stated that, in comparison, Defendant’s sentence was excessive because of the favorable deals garnered by his co-defendants; Frelich received a three-year sentence in exchange for testifying Ragainst Defendant, and Swafford received three years of probation.
The defense also pointed out that Fre-lich had a prior criminal record of acts similar to the instant case, which would have motivated him to seek a plea agreement in order to avoid a multiple offender adjudication. In contrast, Defendant had no felony convictions, and overall, his criminal record was not excessive. The defense argued that Defendant was a “fairly model citizen.”
The statutory penalty range for committing simple burglary of an inhabited dwelling is imprisonment “at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.” La.R.S. 14:62.2. Thus, Defendant’s sentence is a high-range penalty.
After examining the jurisprudence, it is clear that, in simple burglary of inhabited dwelling cases, sentences of ten years or greater are usually accorded to defendants with extensive criminal histories or when the crime involved firearms. State v. Baker, 08-898 (La.App. 3 Cir. 2/4/09), 3 So.3d 666 (the defendant stole a shotgun and was a third felony offender); State v. Dunn, 30,346 (La.App. 2 Cir. 2/26/98), 708 So.2d 512 (the defendant, who was on probation at the time of the offense, had an extensive criminal record involving similar crimes, and when he was caught in the act, he wrestled a firearm away from the arresting officer while resisting arrest); State v. Surtain, 529 So.2d 1375 (La.App. 5 Cir. 1988) (the defendant had a prior felony conviction, as well as two misdemeanors; however, he was not prosecuted as a multiple offender); State v. Sharpley, 414 So.2d 329 (La.1982) (though it was the defendant’s first felony conviction, the defendant had an extensive criminal history and had stolen firearms during the burglary); State v. Edouard, 512 So.2d 579 (La.App. 3 Cir.1987) (the defendant had numerous misdemeanor convictions, and it was likely the defendant would commit additional crimes if not incarcerated).
|sIn contrast, appellate courts have affirmed sentences of nine years or less for defendants convicted of simple burglary of an inhabited dwelling without an extensive criminal history and without firearms being involved. In State v. Durham, 43,558 (La.App. 2 Cir. 10/15/08), 996 So.2d 642, the second circuit affirmed a nine-year sentence in a case where the defendant had burglarized a home while the victim was at work. The second circuit mentioned no aggravating or mitigating factors in its analysis:
In the instant case, when defendant’s crime and punishment are viewed in light of the harm done to society by property crimes involving the disregard for the sanctity of people’s homes, the nine-year sentence does not shock the sense of justice. This hard labor term is not grossly disproportionate to defendant’s offense nor is it a purposeless and needless infliction of pain and suffering.
Id. at 649.
In State v. Alsup, 42,636 (La.App. 2 Cir. 10/24/07), 968 So.2d 1152, writ denied, 07-2252 (La.4/25/08), 978 So.2d 363, the second circuit affirmed an eight-year sentence for simple burglary of an inhabited dwelling where the defendant was a first felony *1228 offender with several misdemeanor convictions. The record showed that the defendant had also committed new offenses while on bond for the simple burglary charges.
In State v. Johnson, 03-150 (La.App. 1 Cir. 9/26/03), 857 So.2d 586, the first circuit affirmed a nine-year sentence for simple burglary of an inhabited dwelling; the defendant entered into a plea bargain wherein the State agreed not to charge him as a habitual offender though the defendant had been on parole for aggravated burglary at the time of the offense. Thus, defendants with more aggravating circumstances have received less onerous sentences.
The foregoing review of the sentences imposed for similar offenses and offenders indicates that, in the instant case, a sentence of ten years is constitutionally excessive. Accordingly, I would find the trial court abused its discretion in |4sentencing Defendant and I would remand for resen-tencing. Thus, I respectfully dissent.