# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 11-490

STATE OF LOUISIANA

VERSUS

TONY E. WASHINGTON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 8587-10
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters and Marc T. Amy, Judges.

**CONVICTIONS AFFIRMED. SENTENCE FOR OBSTRUCTION OF JUSTICE AFFIRMED. SENTENCE FOR SIMPLE BURGLARY OF AN INHABITED DWELLING AMENDED AND AFFIRMED, AS AMENDED.**

John F. DeRosier
District Attorney
Post Office Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

Karen C. McLellan
Assistant District Attorney
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694
COUNSEL FOR PLAINTIFF APPELLEE:
    State of Louisiana

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, LA   70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
   **Tony E. Washington**

**AMY, Judge.**

The defendant was charged with simple burglary of an inhabited dwelling and obstruction of justice. After several of his pre-trial motions were denied, he entered an *Alford* plea[1] to those charges. The trial court subsequently sentenced the defendant to ten years at hard labor, without the benefit of probation, parole, or suspension of sentence, for the simple burglary of an inhabited dwelling charge and two years at hard labor on the obstruction of justice charge, to run concurrently. The defendant appeals. For the following reasons, we amend his sentence for simple burglary of an inhabited dwelling. In all other respects, his convictions and sentences are affirmed.

### Factual and Procedural Background

The defendant, Tony E. Washington, was arrested in connection with the burglary of a home in Sulphur, Louisiana. According to the factual recitation made by the State at the defendant's guilty plea hearing, the defendant and two accomplices, Ronald Lazaro and Zachary England, were involved in burglarizing the home of Marcus Wade. The defendant acted as the "getaway driver," while his two accomplices "actually went inside and did the burglary of the house and removed numerous items[.]" Unbeknownst to the burglars, Mr. Wade had taken the day off work in order to prepare for his son's birthday. He testified at the sentencing hearing that he arrived home to find two men in his home and that his house was "torn from one end to the other." When Mr. Wade went outside to call 9-1-1, the two accomplices exited the house and one of them shot at Mr. Wade several times. Mr. Wade testified that he started running, but he fell and hurt his ankle. According to

---

[1] An *Alford*, or "best interest," plea derives from the United States Supreme Court case of *North Carolina v. Alford*, 400 U.S. 25, 31; 91 S.Ct. 160, 164 (1970), wherein the Supreme Court held that a defendant may plead guilty while maintaining his innocence if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant[,] ... especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage."

Mr. Wade, before he interrupted the burglary, he had seen the defendant's car on the side of the road with the hood up, as if the defendant had car trouble.

According to the factual recitation, the defendant picked up his two accomplices and started to flee. The defendant testified at the sentencing hearing that, while they were slowed down by construction, a police car passed him, put on his lights and turned around. The State alleged that, once the police car "[got] behind them, [the defendant started] to speed up to evade the unit and objects [were] being thrown out of the vehicle as they are being chased."

After the defendant's arrest, he was charged with one count of simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2, and one count of obstruction of justice, a violation of La.R.S. 14:130.1(A)(1). Among other motions, the defendant's attorney filed a motion to sever and a motion for production of documents. Additionally, the defendant filed several *pro se* motions, including a motion for speedy trial and a motion to suppress. At a hearing on these motions, the trial court denied the motion to suppress and heard arguments on the motion to suppress and the motion for discovery. After a recess, the defendant informed the trial court that he wished to enter an *Alford* plea.

The trial court noted that, if the defendant had not decided to enter an *Alford* plea, he would have conducted a hearing on the motion to sever and would have required the State to disclose any evidence within fifteen days of trial. The defendant then entered a plea of guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25. Several witnesses, including the victim and the defendant, testified at the subsequent sentencing hearing. After receiving all of the evidence and the arguments of the parties, the trial court sentenced the defendant to ten years at hard labor, without the benefit of parole, probation, or suspension of sentence for the simple burglary of an

2

inhabited dwelling count and two years at hard labor, to run concurrently, on the obstruction of justice count.

The defendant, through counsel, filed a motion for reconsideration, contending that the defendant's sentence was excessive. *Pro se*, he also filed a "Supplemental Amendment for Additional Grounds to Motion to Reconsider Sentence." Although a hearing date was set, no hearing was held.

The defendant appealed, and this court remanded the case for disposition of the pending motion to reconsider sentence. At a hearing, the motion was denied without reasons. The defendant then re-lodged his appeal, asserting that:

(1) The Trial Court erred in imposing an illegal sentence.

(2) The Trial Court erred in that the sentence imposed upon Tony Washington is constitutionally excessive and imposed without sufficient consideration of Art. 894.1.

### Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, this court reviews all criminal appeals for errors patent on the face of the record. Our review of the record reveals one error patent, which is also the defendant's first assignment of error and will be discussed more fully therein.

*Illegal Sentence*

The defendant contends that the sentence imposed for the charge of simple burglary of an inhabited dwelling is illegal. For the charge of simple burglary of an inhabited dwelling, the trial court sentenced the defendant to ten years at hard labor, without benefit of parole, probation, or suspension of sentence. The defendant contends that only the first year of a term of imprisonment for simple burglary of an

3

inhabited dwelling may be imposed without benefit of parole, probation, or suspension of sentence. The State concedes that this was error.

The elements of, and punishment for, simple burglary of an inhabited dwelling are delineated in La.R.S. 14:62.2, which states:

> Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
>
> Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.

In *State v. Boowell*, 406 So.2d 213 (La.1981), the supreme court held that only the first year of a sentence imposed for simple burglary of an inhabited dwelling may be without the benefit of parole, probation, or suspension of sentence.

Thus, we amend the defendant's sentence to reflect that only the first year of his term of incarceration is without benefit of parole, probation, or suspension of sentence. *See State v. Jacobs*, 10-292 (La.App. 3 Cir. 10/6/10), 48 So.3d 1218.

*Excessiveness of Sentence*

In his second assignment of error, the defendant contends that his sentence is unconstitutionally excessive and that the trial court failed to adequately rely on the sentencing factors delineated in La.Code Crim.P. art. 894.1.

Louisiana Code of Criminal Procedure Article 894.1(C) requires that the trial court state for the record the considerations taken into account and the factual basis for the sentence imposed. There is no requirement that the trial court refer to every aggravating and mitigating factor listed in Article 894.1, as long as the record indicates that the trial court adequately considered those guidelines in particularizing the defendant's sentence. *State v. Maze*, 09-1298 (La.App. 3 Cir. 5/5/10), 36 So.3d

4

1072. If the trial court fails to adequately address the factors listed in La.Code Crim.P. art. 894.1, there is no need for re-sentencing as long as an adequate factual basis for the sentence is found in the record. *State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095. We further note that the trial court may consider factors not listed in Article 894.1, including whether a plea bargain results in a significant reduction in the defendant's potential sentencing exposure and criminal conduct that did not result in a conviction. *Id.*

In this case, Mr. Wade, the victim, testified that this crime made him feel that his safety was violated. He indicated that, when one of the defendant's accomplices started shooting at him, he fell and hurt his ankle. According to Mr. Wade, although the ankle still hurt sometimes, he was more concerned about the resulting "emotional scars." He testified that his two children were in counseling as a result of the burglary. Further, Mr. Wade testified that his family lost things in the burglary that could not be replaced, including his wife's engagement ring, her class ring and his class ring.

The defendant testified at the sentencing hearing, stating that he was very sorry about the situation and Mr. Wade's pain. However, he denied involvement in the burglary and stated that the accusations against him were "all lies." The defendant asserted that he did not deserve the maximum because he was a good person and his family has also suffered. Two witnesses, including the defendant's mother, testified on his behalf. Additionally, several letters of support for the defendant were filed into evidence, and the record indicates that the trial court read and considered those letters.

We note that the defendant's prior criminal history was available to the trial court. The trial court stated that it would not count any offenses that occurred before 1993, when the defendant was a juvenile. The defendant testified that, since his conviction for distribution of cocaine in 1994, he had been "straight." However, the

record indicates that, after that conviction, the defendant pled guilty to DWI and criminal mischief. The trial court acknowledged that those convictions were misdemeanors, but expressed concern that the defendant acted like he had "never done anything." The trial court was also concerned that, although the charges were rejected, the defendant had been charged with second-degree murder. Further, the record indicates that the trial court took into consideration that the defendant substantially reduced his sentencing exposure in exchange for his *Alford* plea, as the State agreed not to charge the defendant as a habitual offender.

Thus, based on our review of the record, we find that the trial court adequately considered the sentencing factors listed in La.Code Crim.P. art. 894.1.

A panel of this court, in *Jacobs*, 48 So.3d at 1225 (citations omitted), recently reiterated the jurisprudence concerning excessive sentence claims, stating:

> An excessive sentence is a penalty that is so grossly disproportionate to the severity of the crime that it shocks our sense of justice or it makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering. The trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, the reviewing court should not deem as excessive a sentence imposed within statutory limits. Still, a sentence that falls within the statutory limits may be excessive under the particular circumstances of a given case. . . . The only relevant question for the reviewing court to consider is not whether another sentence would be more appropriate, but rather whether the trial court abused its broad discretion in sentencing a defendant.

Further, "maximum sentences are reserved only for the most serious violations and the worst offenders." *Id.* (quoting *State v. Farhood*, 02-490 (La.App. 5 Cir. 3/25/03), 844 So.2d 217). In determining whether the trial court abused its discretion in imposing a sentence, the reviewing court should also consider "the nature of the crime," "the nature and background of the offender," and "the sentence imposed for similar crimes by the same court and other courts." *State v. Lisotta*, 98-648, p. 4

(La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183.

The sentencing range for simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2, is one to twelve years. The sentencing range for obstruction of justice, in this case, is delineated in La.R.S. 14:130.1(B)(2) as a fine of not more than fifty thousand dollars, not more than twenty years at hard labor, or both.

As previously discussed, the record reveals that that trial court adequately considered aggravating and mitigating circumstances in fashioning the defendant's sentence. We note that the defendant's sentence of ten years for the crime of simple burglary of an inhabited dwelling is in the upper range. We further note that the defendant's sentence for obstruction of justice is on the low end of permissible sentences.

With regard to the nature of the crime, the record indicates that one of the defendant's accomplices fired multiple shots at the victim, Mr. Wade. Mr. Wade was more concerned with the resulting "emotional scars" from the incident than the injuries he sustained to his ankle while fleeing from the defendant's accomplices. Mr. Wade also testified that both he and his children were still in counseling as a result of the burglary.

With regard to the nature and background of the offender, we note that, although the defendant testified that he had been "straight" since his conviction for distribution of cocaine in 1994, the defendant had incurred further misdemeanor convictions. Additionally, our review of similar cases indicates that reviewing courts have upheld upper-range sentences for simple burglary of an inhabited dwelling for offenders in similar circumstances to those of the defendant. *See Jacobs*, 48 So.3d 1218; *State v. Baker*, 08-898 (La.App. 3 Cir. 2/4/09), 3 So.3d 666; *State v. Alsup*, 42,

636 (La.App. 2 Cir. 10/24/07), 968 So.2d 1152, *writ denied*, 07-2255 (La. 4/25/08), 978 So.2d 363, and *State v. Johnson*, 03-150 (La.App. 1 Cir. 9/26/03), 857 So.2d 586.

Therefore, we find that the defendant's sentences are not unconstitutionally excessive and that the trial court did not abuse its discretion in fashioning the defendant's sentences for simple burglary of an inhabited dwelling and obstruction of justice.

This assignment of error is without merit.

**DECREE**

The defendant's sentence for simple burglary of an inhabited dwelling is amended to reflect that only the first year of his term of imprisonment is without benefit of parole, probation, or suspension of sentence. In all other respects, the defendant's convictions and sentences are affirmed.

**CONVICTIONS AFFIRMED. SENTENCE FOR OBSTRUCTION OF JUSTICE AFFIRMED. SENTENCE FOR SIMPLE BURGLARY OF AN INHABITED DWELLING AMENDED AND AFFIRMED, AS AMENDED.**