NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1009

STATE OF LOUISIANA

VERSUS

DAVIS DWAYNE FREEMAN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-185-13
HONORABLE C. STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of J. David Painter, Phyllis M. Keaty, and John E. Conery, Judges.

AFFIRMED.

Kevin D. Millican
Assistant District Attorney
Post Office Box 1388
Jennings, Louisiana 70546
(337) 824-1893
Counsel for Appellee:
        State of Louisiana

**Brent A. Hawkins**
**Louisiana Appellate Project**
**Post Office Box 3752**
**Lake Charles, Louisiana 70602**
**(337) 502-5146**
**Counsel for Defendant/Appellant:**
**Davis Dwayne Freeman**

**KEATY, Judge.**

Defendant, Davis Dwayne Freeman, appeals his sentence as excessive. For the following reasons, we affirm.

## PROCEDURAL BACKGROUND

Defendant, along with two co-defendants, Robert Simpson and Anthony Jones, broke into a house and stole various items, including guns, a computer, a TV, a wallet, and a generator. Thereafter, Defendant was charged with simple burglary, a violation of La.R.S. 14:62. Defendant entered a plea of not guilty. Following a jury trial, Defendant was found guilty as charged. Defendant was sentenced to serve ten years at hard labor with credit for time served. A motion to reconsider sentence was filed and denied. A motion for appeal was filed and was subsequently granted.

On appeal, Defendant asserts that the trial court failed to adequately consider mitigating factors when imposing his sentence and that his ten-year sentence is excessive.

## DISCUSSION

### I.    Errors Patent

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there are no errors patent.

### II.    First Assignment of Error

In his first assignment of error, Defendant contends his sentence is excessive because the trial court failed to adequately consider mitigating factors when imposing a sentence of ten years at hard labor.

Uniform Rules—Courts of Appeal, Rule 1–3 provides:

The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.

Louisiana Code of Criminal Procedure Article 881.1(E) further provides:

Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

In *State v. Blue*, 09-1111 (La.App. 3 Cir. 11/5/08), 34 So.3d 447, the defendant alleged that the trial court failed to give sufficient consideration to mitigating factors in fashioning its sentence. The trial court noted that in the defendant's Motion to Reconsider Sentence, he "merely alleged that his sentence was excessive." *Id.* at 451. Therefore, the trial court declined to consider the defendant's claim that the trial court failed to sufficiently consider mitigating factors at sentencing.

In the present case, Defendant merely alleged that his sentence was excessive in his Motion to Reconsider Sentence. Therefore, this court will not consider Defendant's claim that the trial court failed to sufficiently consider mitigating factors.

## III. Second Assignment of Error

In his second assignment of error, Defendant contends the trial court's sentence of ten years at hard labor is excessive given the circumstances of the case and facts pertaining to Defendant. Defendant was found guilty as charged of one count of simple burglary. Defendant received a sentence of ten years at hard labor.

The sentencing range for simple burglary is imprisonment with or without hard labor for not more than twelve years.

The sentencing guidelines under La.Code Crim.P. art. 894.1 aid trial courts in determining sentences. Louisiana Code of Criminal Procedure Article 894.1(A) states:

> When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if any of the following occurs:
>
> (1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.
>
> (2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.
>
> (3) A lesser sentence will deprecate the seriousness of the defendant's crime.

Louisiana Code of Criminal Procedure Article 894.1(C) requires that the trial court state for the record the considerations taken into account and the factual basis for the sentence imposed. There is no requirement that the trial court refer to every aggravating and mitigating factor listed in La.Code Crim.P. art. 894.1(B), as long as the record indicates that the trial court adequately considered those guidelines in particularizing the defendant's sentence. *State v. Maze*, 09-1298 (La.App. 3 Cir. 5/5/10), 36 So.3d 1072. If the trial court fails to adequately address the factors listed in La.Code Crim.P. art. 894.1, there is no need for resentencing as long as an adequate factual basis for the sentence is found in the record. *State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095. We will discuss this further in the excessive sentence analysis.

The law is well settled concerning the standard to be used in reviewing excessive sentence claims:

3

La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

Even when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive. In determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

[A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

4

A sentencing hearing was held in this matter. At the hearing, the trial court stated on the record that it reviewed the pre-sentence investigation report, went over the facts of the case, and considered mitigating and aggravating factors. The mitigating factors were that Defendant was twenty-four years old and did not have a juvenile criminal history. The trial court noted that Defendant had an adult criminal history as he had been convicted of multiple counts of simple burglary, theft, and unauthorized entry of an inhabited dwelling. In 2008, he was sentenced to six years in the custody of the Department of Corrections. That sentence was suspended, and he was out on probation when this simple burglary occurred. In April 2013, Defendant admitted to violating the terms of his probation, and the original sentence of six years was ordered executed.

In regards to Defendant, the trial court determined:

> Your involvement in criminal activity demonstrates to this Court that you cannot live in society and that this community must be protected from you. You are certainly in need of correctional treatment in a custodial environment for a significant period of time. Anything less would deprecate from the seriousness of the offense, would not promote - - would not promote respect for the law, and would not provide a just punishment for the crime for which you stand convicted. This Court has an obligation to protect the public from you and will do so by removing you from society.

The trial court prepared written reasons for Defendant's sentence which reiterated the aforementioned aggravating and mitigating factors in consideration of his sentence, including the fact that this was Defendant's second felony offense.

Defense counsel alleges the following mitigating factors were not considered by the trial court: Defendant did not cause the victim serious harm or threat of harm to anyone; Defendant and co-defendants were not armed; Defendant acted out of strong provocation by co-defendant; and, that there is nothing in the record to support or suggest that since Defendant had originally been placed on probation,

5

he had participated in any other criminal conduct. However, we find that the trial court properly considered the mitigating factors.

To support the excessive sentence claim, Defendant re-urges the mitigating factors that he alleges were not considered by the trial court. Defendant contends his sentence is excessive because he is not one of the most egregious and blameworthy offenders. Defendant argues that he was not the ringleader, he did not participate in the planning of the offense, and he was clearly a follower.

In support of how this court should review the sentence, Defendant cites to a fourth circuit case, *State v. Stanfield*, 10-854, pp. 3-4 (La.App. 4 Cir. 01/19/11), 56 So.3d 428, 430-31, *writ denied*, 11-266 (La. 6/3/11), 63 So.3d 1007, in which the court stated:

> In reviewing a claim that a sentence is excessive, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La.Code Crim.P. art. 894.1, and whether the sentence is warranted under the facts established by the record. *State v. Trepagnier*, 97-2427, p. 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189. If adequate compliance with La.C.Cr.P. art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. *State v. Bonicard*, 98-0665, p. 3 (La.App. 4 Cir. 8/4/99), 752 So.2d 184, 185.

In *Stanfield*, the fourth circuit affirmed a ten-year sentence by the trial court following a conviction of simple burglary where the trial court did not state reasons for the sentence. The fourth circuit found it sufficient that the trial court heard eyewitness testimony, the defendant was on parole at the time of the offense, and the State intended to file a multiple offender bill to support the sentence. As we stated earlier, *Smith* provides factors which aid an excessive sentence analysis.

With regard to the nature of the crime, the record indicates that several items were taken, including multiple guns, a TV, and a generator. "Although commission of the offense does not necessarily involve physical injury or even physical danger to the victim, it constitutes an invasion of an individual's home—a place where he or she should be able to feel totally safe from the evils of the world." *State v. Jacobs*, 10-292, p. 10 (La.App. 3 Cir. 10/6/10), 48 So.3d 1218, 1225.

Concerning the nature and background of the offender, Defendant participated in a simple burglary while on probation from an earlier conviction for the same offense. Among the items taken during the commission of this crime were several guns. Defendant admitted to violating probation and had begun his formally suspended sentence when he was sentenced in this case. The trial court stated its reasons for imposing the sentence at the sentencing hearing and in written reasons.

In considering sentences in similar cases, reviewing courts have upheld upper-range sentences for simple burglary for offenders in similar circumstances to those of Defendant. For example, in *Jacobs*, this court held that the defendant's ten-year sentence for simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2, was not excessive. The trial court noted that the defendant stole multiple items, used a stolen credit card to make fraudulent purchases, was not remorseful, and had a marijuana addiction. The court considered the mitigating factors that the defendant did not have any prior convictions and that the house was empty when burglarized. In comparing sentences of similar crimes, the trial court noted that there were many cases wherein reviewing courts upheld sentences in the upper limits for situations that were similar to the defendant's situation.

In *State v. Washington*, 11-490 (La.App. 3 Cir. 11/2/11), 76 So.3d 1264, this court found that a ten-year sentence at hard labor for simple burglary of an inhabited dwelling was not excessive where the defendant acted as the getaway driver. As the defendant acted as a getaway driver, two co-defendants entered and burglarized a home. The homeowner testified to being shot at and having irreplaceable items lost. The trial court noted that the defendant had prior convictions.

In comparing the sentences imposed by the trial court for similar activity, Defendant points to the favorable sentence received by co-defendant, Simpson, after he agreed to testify against him, and argues that his sentence is excessive. We reject this argument given the general rule that "the fact that a co-defendant has received a more lenient sentence does not necessarily indicate that the penalty imposed on the defendant is excessive." *State v. Weary*, 03-3067, p. 42 (La. 4/24/06), 931 So.2d 297, 324, *cert. denied*, 549 U.S. 1062, 127 S.Ct. 682 (2006), *writs granted on other grounds*, 07-1152 (La. 3/24/08), 977 So.2d 941, 08-2673 (La. 6/26/09), 12 So.3d 968.

We find that the trial court adequately complied with its statutory requirements under La.Code Crim.P. art. 894.1. Thus, the record is complete enough to satisfy the requirements. Further, Defendant's sentence is not unconstitutionally excessive. The trial court did not abuse its discretion in fashioning Defendant's sentence for simple burglary. Accordingly, Defendant's assignment of error lack merit.

## DECREE

The trial court's ruling regarding Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.