# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 23-293


**STATE OF LOUISIANA**

**VERSUS**

**DAMON BROUSSARD**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 86412
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Chief Judge, Shannon J. Gremillion, and Charles G. Fitzgerald, Judges.


**AFFIRMED.**

**Donald Dale Landry**
**Fifteenth Judcicial District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Kay Karre Gautreaux**
**Assistant District Attorney**
**P.O. Box 288**
**Crowley, LA 70526**
**(337) 788-8831**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 1481**
**Monroe, LA 71210**
**(318) 855-6038**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Damon Broussard**

**GREMILLION, Judge.**

Defendant, Damon Broussard, appeals his sentence of forty years at hard labor, without benefit of probation, parole, or suspension of sentence, resulting from his conviction of molestation of a juvenile under the age of thirteen, a violation of La.R.S. 14:81.2. For the reasons that follow, we affirm Defendant's sentence.

## FACTS

The offense occurred on October 31, 2010. Defendant's daughter, D.B.,[1] testified to the Halloween she spent with Defendant in 2010. She was eight years old. A child of divorced parents, she was visiting her father for the weekend, staying in his one-bedroom camper which stood on a campground behind a bar named Red Dog's. Red Dog's was throwing a costume party that night, so Defendant, dressed in costume, left his daughter in his camper and went out drinking until the bar closed around two a.m., when he returned. Defendant undressed and laid in bed with his daughter. Wrapping his arm around her waist, he "big spooned" her. She fled to the bathroom when he inserted his finger into her vagina.

On January 27, 2017, Defendant was charged by bill of information with one count of violating La.R.S. 14:81.2. At trial, D.B. testified that at the time of the offense, she thought Defendant was intoxicated. She delayed reporting the crime because she did not want her father, a police officer, to go to jail. However, four other victims of Defendant's predation— A.M. and C.M., Defendant's stepdaughters; H.B.; and A.F.— each testified that Defendant had touched them inappropriately. A.F. testified that Defendant had penetrated her with his penis when she was eleven years old during a sleepover with D.B. at Defendant's home. These incidents all occurred after Defendant molested D.B.

---

[1] Initials are used to protect the identity of the victim pursuant to La.R.S. 46:1844(W)(1)(a).

Defendant was found guilty of molesting D.B. At Defendant's sentencing, the trial court noted that Defendant held two positions of authority, father and law enforcement officer. These factors were taken by the trial court as aggravating the severity of Defendant's crime.

Defendant was sentenced to forty years at hard labor. However, the trial court did not specify the number of years the sentence was to be served without benefit of probation, parole, or suspension of sentence, and La.R.S. 14:81.2 requires that at least twenty-five years be served without benefit of probation, parole, or suspension of sentence. Therefore, a panel of this court held that Defendant's sentence was indeterminate and remanded the case for resentencing. *State v. Broussard*, 22-507 (La.App. 3 Cir. 11/30/22), 354 So.3d 167.

On remand, the trial court again sentenced Defendant to forty years at hard labor, with its entirety served without probation, parole, or suspension of sentence. Defendant appeals and argues that, as a forty-six-year-old first-time felon, he has effectively been sentenced to life in prison. He contends the term exceeds what is constitutionally permissible.

## ANALYSIS

"[T]he trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits." *State v. Whatley*, 03-1275, p. 5 (La. App. 3 Cir. 3/3/04), 867 So.2d 955, 958. A reviewing court should examine three factors to assess whether the sentencing trial court abused its broad discretion: the nature of the crime; the offender's nature and background; and the sentences impose by the same and other courts for similar crimes. *State v. Baker*, 08-898 (La.App. 3 Cir. 2/4/09), 3 So.3d 666.

Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

> La. Const. art. I, §20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

*State v. Soileau*, 13-770, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Louisiana Revised Statutes 14:81.2 reads in pertinent part:

> A. (1) Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.
>
> . . . .
>
> D. (1) Whoever commits the crime of molestation of a juvenile when the victim is under the age of thirteen years shall be imprisoned at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence.

The sentence imposed on Defendant was forty percent of what he could have received. It was only fifteen years above the mandatory minimum.

*The nature of the crime*

Defendant was convicted of molesting his own daughter. On the night in question, which was Halloween, Defendant left his young daughter alone in his trailer while he spent the night drinking. When he returned home, Defendant inserted his finger into her vagina as the two lay in bed. D.B. testified to the lifelong trauma she experienced. Further, as noted above, four other young women testified to the abuses they experienced at Defendant's hands.

*Defendant's nature and background*

In addition to his authority as D.B.'s father, Defendant was also a law enforcement officer. This fact prevented A.F. from reporting Defendant's abuse of her.

Defendant points to several mitigating factors. He was intoxicated at the time he molested D.B.; therefore, an opportunity for rehabilitation and recovery should be afforded him. In 2022 alone, Defendant earned seventy-five education credits.

4

He has earned several course certificates.  Even after his sentencing, Defendant has continued to pursue his education.  And this is Defendant's first felony conviction.

*Similar sentences for similar offenses*

In *State v. Jones*, 54,264 (La.App. 2 Cir. 3/9/22), 335 So.3d 532, *writ denied*, 22-656 (La. 6/22/22), 339 So.3d 642, the defendant, after being convicted of molesting his five-year-old daughter, was sentenced to forty years' imprisonment, with the first twenty-five years to be served without benefits.  He had prior felony convictions and was, at the time of his trial, thirty-eight years old.

The defendant in *State v. Washington*, 51,818 (La.App. 2 Cir. 4/11/18), 245 So.3d 1234, *writ denied*, 18-783 (La. 12/17/18), 259 So.3d 343, molested his eleven-year-old stepdaughter through sexual intercourse and touching the victim's vagina.  He was sentenced to sixty years at hard labor, with the first twenty-five to be served without benefit of probation, parole, or suspension of sentence.  The defendant's age (twenty-eight) was cited as a reason for imposing a mid-range sentence upon him.

The defendant in *State v. Williams*, 52,052 (La.App. 2 Cir. 6/27/18), 250 So.3d 1200, was twenty-nine at the time of trial.  He was sentenced to forty-five-years at hard labor, with twenty-five years to be served without benefit of probation, parole, or suspension of sentence, for molesting his girlfriend's eleven-year-old daughter and five years for indecent behavior with a juvenile.  It appears to have been the defendant's first felony conviction.

A similarly situated defendant claimed his sentence excessive, for it was a *de facto* life sentence.  *State v. Collins*, 53,704 (La.App. 2 Cir. 1/13/21), 309 So.3d 974, *writ denied*, 21-369 (La. 6/8/21), 317 So.3d 329.  The defendant was forty-two years old when he was sentenced to thirty years at hard labor.  Nevertheless, because of his extensive criminal history and because of the lack of mitigating factors– despite it possibly being a *de facto* life sentence– the second circuit still affirmed the trial

5

court's decision, remarking that "defendant abused his position of trust and authority to repeatedly commit aggravated incest against his young, vulnerable stepdaughters." *Id.* at 981.

Given the circumstances of this case, we do not find the penalty grossly disproportionate to the nature and severity of the crime. A forty-year sentence for molesting one's own eight-year-old daughter does not shock our sense of justice, particularly in light of the continued trauma D.B. experiences and Defendant's position in the community as a police officer.

Defendant's sentence is affirmed.

**AFFIRMED.**